CARRIER,
*Appellant,*

*v.*

HICKS et al,
dba Goble Tavern,
*Respondents.*

(87-2112; CA A60563)

793 P2d 329

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

John L. Langslet, Portland, argued the cause for

respondents. With him on the brief were Julie K. Bolt and Martin, Bischoff, Templeton, Ericsson & Langslet, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals a summary judgment for defendants, arguing that the arbitration award between him and his insurer did not preclude an action against defendants, the tortfeasors. We reverse.

The facts are not disputed. Plaintiff was injured in a car accident. The driver of the other vehicle, Morgan, had liability coverage of $50,000 that was divided among the injured parties, with plaintiff receiving $23,000. Plaintiff then made a claim with his own insurer, Farmers Insurance Company, under his underinsured motorist coverage, which was up to $250,000. Plaintiff and Farmers arbitrated, and the arbitrators awarded plaintiff $100,000. Plaintiff filed a satisfaction of award in the circuit court, acknowledging satisfaction of any claims under his underinsured motorist policy with Farmers but reserving his rights against defendants.

Plaintiff then sued defendants, owners of Goble Tavern, for negligently serving Morgan alcohol when he was visibly intoxicated before the car accident. Defendants' insurer became insolvent, and the Oregon Insurance Guaranty Association (OIGA) assumed responsibility for the claim under ORS 734.510 *et seq.* The trial court granted a summary judgment on the grounds that plaintiff had not exhausted his remedies as required by ORS 734.640(1) and that he had already received full recovery by the arbitration award.

For the reasons stated in *Mazorol v. Coats,* 102 Or App 8, 793 P2d 326 (1990), we hold that ORS 734.640(1) is not a defense to an action against a tortfeasor.

Defendants do not argue that plaintiff's settlement with Morgan precludes an action against them. They contend that the arbitration award discharges them under *Savelich Logging v. Preston Mill Co.,* 265 Or 456, 465, 509 P2d 1179 (1973), which states:

> "Where a plaintiff obtains a judgment against one of several joint tortfeasors, and the judgment constitutes an adjudication of all of plaintiff's damage, satisfaction of that judgment discharges each of the other tortfeasors from liability."

That rule does not apply here, because Farmers was not a tortfeasor. Its liability arose from its contract with plaintiff

and is distinct from the tort liability of defendants. Whether plaintiff is barred from relitigating his damages depends on whether collateral estoppel applies. *See Gaul v. Tourtellotte,* 260 Or 14, 488 P2d 416 (1971); *Restatement (Second) Judgments* § 5, *comment d* at 43 (1982). For the reasons also stated in *Mazorol v. Coats, supra,* 102 Or App at 8, we hold that it does not apply.

Reversed and remanded.