Argued and submitted November 7, 1990; reassigned April 13, decision of the Court of Appeals reversed; judgment of the circuit court affirmed May 21, 1993

Ernest J. MAZOROL, III,
*Respondent on Review,*

*v.*

Steven Douglas COATS,
*Petitioner on Review,*

*and*

DOUGLAS S. COATS, INC.,
an Oregon corporation,
*Defendant.*

(CC 87-CV-0212-WE; CA A50694; SC S37382)

852 P2d 178

R. L. Marceau, of Marceau, Karnopp, Petersen, Noteboom & Hubel, Bend, argued the cause and filed the petition for petitioner on review. With him on the petition was Dennis J. Hubel.

Warren John West, Bend, argued the cause for respondent on review.

PETERSON, J.

Fadeley, J., filed a dissenting opinion in which Unis, J., joined.

Unis, J., filed a separate dissenting opinion.

## PETERSON, J.

This case, like *Carrier v. Hicks*, 316 Or 341, 851 P2d 581 (1993), decided this day, involves a claim against the Oregon Insurance Guaranty Association (OIGA) under ORS 734.510 *et seq*. Plaintiff was injured in an automobile accident with another motorist whose liability insurer became insolvent. Plaintiff made a claim under his own uninsured motorist liability coverage (UM coverage), the claim went to arbitration, and plaintiff was awarded $9,902. Plaintiff's total UM coverage was $100,000.

Plaintiff then continued with an action that he had filed against the other motorist and his employer. Defendants' liability insurer had become insolvent, so the duty to defend devolved on OIGA. The trial court granted defendants' motion for summary judgment, holding that, because plaintiff had not exhausted his UM coverage, he had not exhausted his remedies, as required by ORS 734.650(1). The Court of Appeals reversed. *Mazorol v. Coats*, 102 Or App 8, 793 P2d 326 (1990).

The dispositive issues in this case are not distinguishable from the dispositive issues in *Carrier v. Hicks, supra*. For the reasons expressed in our decision in *Carrier v. Hicks*, the decision of the Court of Appeals is reversed, and the judgment of the circuit court is affirmed.

## FADELEY, J., dissenting.

Notwithstanding the majority's statement that "[t]he dispositive issues in this case are not distinguishable from the dispositive issues in *Carrier v. Hicks*, 316 Or 341, 851 P2d 581 (1993)," 316 Or at 369, the procedural facts of this case differ from those in the companion case decided today. In this case, the record shows that plaintiff requested arbitration with his own uninsured motorist insurance carrier, State Farm. Although that difference makes this a closer case, I dissent from the majority's refusal to grant plaintiff a jury trial against defendant tortfeasor.

Plaintiff filed a negligence complaint against defendant in circuit court. Defendant's insurer, Mission, became insolvent, and the Oregon Insurance Guaranty Association (OIGA) insisted that plaintiff first arbitrate with plaintiff's

insurer, State Farm. Plaintiff sought arbitration under his uninsured motorist coverage with State Farm, which was limited to $100,000. An arbitration panel awarded plaintiff $7,650 in addition to the $2,252 of Personal Injury Protection (PIP) benefits that he had already received from State Farm. The award stated that it included "$6,000 in general damages which are intended to compensate [plaintiff] for his past as well as what future problems he may experience."

After the arbitration award, plaintiff proceeded with the civil action against defendant. Defendant raised, as affirmative defenses, the following: that plaintiff had failed to exhaust his remedies under ORS 734.640(1), because the arbitrators' binding award was less than his maximum policy limits; that, by requesting arbitration with his own insurance carrier, plaintiff had waived his right to jury trial; and that plaintiff was precluded from litigating the amount of his personal injury damages, because the question of amount of his damages necessarily was resolved in the arbitration. The motion for summary judgment was made in behalf of defendant (not just insurance guarantor, OIGA, which was not a party in the circuit court negligence action). Defendant's summary judgment motion asserted that defendant's motion "asks the court to rule that plaintiff's receipt of uninsured motorist, personal injury protection and collision payments from his insurer *preclude further action against defendant* * * * under ORS 734.640." (Emphasis added.)

The circuit court held that plaintiff had not exhausted his remedies of his uninsured motorist coverage, because he did not exhaust the policy limits. The court dismissed plaintiff's complaint with prejudice.

Plaintiff appealed. The Court of Appeals concluded that the exhaustion of remedies requirement of ORS 734.640(1), related to OIGA, did not provide defendant with a defense to the tort action and that allowing defendant — who was not a party to the arbitration — to assert the preclusive effect of the arbitrator's award would not meet the fairness prong of the test employed to determine when a preclusive effect will be accorded a separate prior determination of an issue. The Court of Appeals reversed the decision of the circuit court and remanded the case. *Mazorol v. Coats*, 102 Or App 8, 793 P2d 326 (1990).

The issues raised by this case should be resolved in favor of plaintiff, not OIGA and not defendant. For the reasons spelled out in my dissent in *Carrier v. Hicks, supra,* including preservation of the right to jury trial against the tortfeasor, I conclude that the OIGA statutes do not prevent a plaintiff's pursuit of a claim against the alleged defendant tortfeasor and that the binding arbitration award should not be given preclusive effect as to the amount recoverable in a later action against one not a party to the contract arbitration.[1] In that claim, jury trial is guaranteed.[2] I would thus affirm the decision of the Court of Appeals. 102 Or App 8, 793 P2d 326 (1990).

In *Molodyh v. Truck Insurance Exchange,* 304 Or 290, 295, 744 P2d 992 (1987), this court held:

> "Defendants argue that plaintiff waived his right to a jury trial by voluntarily entering into the insurance contract * * * Plaintiff did not bargain for or consent to its inclusion. * * * [H]e had to take it on the terms dictated by the legislature. The legislature cannot itself 'waive' plaintiff's right to a jury trial by requiring the inclusion of such provisions in insurance policies."

The definition of "waiver" uniformly used by this court in all settings is: "intentional relinquishment of a known right." *See, e.g., In re Jordan,* 290 Or 669, 672-73, 624 P2d 1074 (1981) ("waived his right * * * in the usual sense of an *intentional* relinquishment of a *known* right" (emphasis in original); *Drews v. EBI Companies,* 310 Or 134, 150, 795 P2d 531 (1993) (citing cases using that description of waiver).

---

[1] Moreover, it is a fair implication that the legislature did not intend the arbitration to have collateral preclusive effect. If plaintiff had first obtained a judgment against an uninsured tortfeasor, the amount of that judgment would not have been preclusive on the insurer or in later arbitration. ORS 742.504(1)(b) provides:

> "No judgment against any person or organization alleged to be legally responsible for bodily injury, except for proceedings instituted against the insurer as provided in this policy, shall be conclusive, as between the insured and the insurer, on the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled."

[2] Oregon Constitution, Article I, section 17, provides:

> "all civil cases the right of Trial by Jury shall remain inviolate."

Article VII (Amended), section 3, provides in part:

> "In actions at law, where the value in controversy shall exceed $200, the right of trial by jury shall be preserved."

ORS 806.060 to 806.080 generally require an automobile owner or driver to have motor vehicle insurance. ORS 742.504 requires that any policy of such insurance include policy provisions that mandate binding arbitration as to both liability and amounts of damages in the factual setting of this case. That statutory mandate, and its binding nature, are detailed and quoted in my dissent in *Carrier v. Hicks, supra,* and I do not repeat them here. Thus, plaintiff had no choice in the matter. Therefore, he could not have intentionally relinquished a known right to a jury trial by purchasing a statutorily mandated insurance policy and abiding by its statutorily mandated terms.

Furthermore, if one assumes that purchasing the policy was an intentional waiver of a jury trial right as against plaintiff's insurer and any contract claim under the insurance policy, that still provides no basis for finding a waiver of jury trial against the defendant tortfeasor whose negligence caused his injuries. The majority has not dealt, in *Carrier* or in its opinion in this case, with that issue. The majority says only, in *Carrier*, that "any party can demand a jury trial of the UM or UIM claim." 316 Or at 352. That does not dispose of the jury trial question in the negligence tort action. If the majority means that plaintiff's failing to demand a jury trial against his own insurance company and requesting arbitration in the contract action may also waive the right to jury trial in a separate tort action against a third party, then where is the evidence to establish that such a relinquishment of a right was recognized as even a potential result of requesting arbitration, let alone an intended one?

The majority evades the jury trial guarantees by eviscerating the mandatory arbitration statute. Insurance companies may not rely on it; plaintiffs who arbitrate rather than demanding a jury trial on the contract action are exposed to malpractice for the unintended "waiver" of a "right" that the statute kept them from knowing about; court administrators must now plan for two trials arising from the one injury; and legislators would be well advised to return to the drawing board on both the uninsured motorist and insolvent insurer aspects of the problem.

If it is not clear whether plaintiff, having initiated the arbitration proceeding to satisfy OIGA and the statutorily

imposed conditions of plaintiff's own insurance contract, has intended voluntarily to waive the constitutional right to trial by jury, that issue should be resolved on the facts and on remand. I dissent from affirmance of the circuit court judgment terminating plaintiff's case.

Unis, J., joins in this dissent.

**UNIS, J.,** dissenting.

I join in the dissenting opinion of Justice Fadeley.

The legislature provided in ORS 734.640(1) that plaintiff must exhaust his remedies under other insurance policies before pursuing a claim under Oregon Insurance Guaranty Association (OIGA). Exhausting a remedy means that a claim is pursued to its final conclusion, without respect to the ultimate result. If the legislature had intended that plaintiff must exhaust the limits of the uninsured motorist coverage of his insurance policy before pursuing a claim under OIGA, the legislature would have said so.