Argued and submitted February 10, affirmed April 1, 1998

## Micah KRAMM,
*Respondent,*

*v.*

## MID-CENTURY INSURANCE COMPANY,
*Appellant.*

(96C873016; CA A98404)

956 P2d 1036

Mark L. Zipse argued the cause for appellant. With him on the brief was Cavanagh & Zipse.

Dean Heiling argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

## HASELTON, J.

Defendant Mid-Century Insurance Company appeals from a judgment in a district court action, awarding the plaintiff damages for unpaid personal injury protection (PIP) benefits as well as attorney fees. Defendant asserts that the court erred in denying its motion to dismiss pursuant to ORS 742.520(6) (1995) and in denying its motion to strike plaintiff's allegations of an entitlement to attorney fees under ORS 742.061. We affirm.

Defendant insured plaintiff under an automobile liability policy that provided statutorily prescribed PIP benefits. In February 1995, plaintiff was involved in an auto accident and thereafter requested payment of certain medical expenses under the PIP provisions of his policy. Defendant paid some medical bills but disputed coverage of chiropractic treatment expenses.

In June 1996, after having made written demand for payment on defendant, plaintiff filed this action in Multnomah County District Court. Plaintiff alleged that defendant had breached the insurance policy and sought damages of $2,246.50, representing unpaid chiropractic expenses; plaintiff also asserted an entitlement to attorney fees under ORS 742.061. Defendant moved under ORCP 21 to dismiss the complaint as failing to state ultimate facts sufficient to constitute a claim and moved in the alternative, to "abat[e] the action because it is subject to statutorily mandated arbitration." As support for that motion, defendant cited ORS 742.520(6) (1995). Defendant also moved to strike plaintiff's allegation of an entitlement to attorney fees under ORS 742.061.

At that time, ORS 742.520(6) (1995) provided:

"Disputes between insurers and beneficiaries about the amount of personal injury protection benefits, or about the denial of personal injury protection benefits, shall be decided by arbitration except that if all requirements for bringing an action in the small claims department of a justice or district court are met, the insured may elect to file

such an action rather than submitting the claim to arbitration."[1]

Although the amount in dispute fell within the $2,500 jurisdiction limit of the small claims department under the then-extant version of ORS 46.405(2), plaintiff did not file his action in the small claims department. Consequently, defendant reasoned, ORS 742.520(6) (1995) "required mandatory arbitration of the denial of PIP benefits."

Plaintiff responded that mandatory arbitration of PIP disputes under ORS 742.520(6) (1995) denied plaintiff "the right to jury trial . . . guaranteed by Article I, section 17 of the Oregon Constitution."[2] The trial court, without explanation, denied defendant's motion. The court also denied defendant's motion to strike plaintiff's allegation of entitlement to attorney fees under ORS 742.061. The case proceeded to mandatory court-annexed arbitration pursuant to ORS 36.400 and UTCR chapter 13, and plaintiff recovered damages of $1,496.50 and attorney fees of $3,172.50.

On appeal, the parties generally reiterate their respective positions before the trial court as to the application of ORS 742.520(6) (1995). After the initial briefing, and shortly before oral argument, the Supreme Court decided *Foltz v. State Farm Mutual Auto. Ins. Co.*, 326 Or 294, 298 n 2, 952 P2d 1012 (1998), which clarified the analysis.[3] In *Foltz*, the Supreme Court answered certified questions pertaining to application of ORS 742.520(6) (1995) and, particularly, that statute's constitutionality in combination with ORS 742.522(1), which provides that "arbitration under ORS 742.520(6) is binding on the parties to the arbitration."

---

[1] In 1997, the legislature amended ORS 742.520(6). Or Laws 1997, ch 808, § 3. The amended statute reads:

"Disputes between insurers and beneficiaries about the amount of personal injury protection benefits, or about the denial of personal injury protection benefits, shall be decided by arbitration if mutually agreed to at the time of the dispute."

That amendment was not retroactive and does not apply to this dispute. *Foltz v. State Farm Mutual Auto. Ins. Co.*, 326 Or 294, 298 n 2, 952 P2d 1012 (1998).

[2] Article I, section 17, of the Oregon Constitution provides:

"In all civil cases the right Trial by Jury shall remain inviolate."

[3] At our request, the parties submitted supplemental post-argument briefs addressing *Foltz*.

The court concluded that ORS 742.520(6) (1995) mandated arbitration of all disputes over the amount of PIP benefits except those falling within the statute's "small claims" exception. *Foltz*, 326 Or at 299-300. The court further held that, although arbitration of PIP disputes is mandatory, rendering the results of such arbitration binding pursuant to ORS 742.522(1) would violate Article I, section 17, of the Oregon Constitution. *Id.* at 301-02. The court then determined that ORS 742.522(1) was severable from ORS 742.520(6) (1995). *Id.* at 302-03. Thus, "standing alone, ORS 742.520(6) (1995) does not violate Article I, section 17." *Id.* at 303.

■■  This appeal presents an issue that *Foltz* did not explicitly decide: If an insured brings an action arising out of nonpayment of PIP benefits without first arbitrating that dispute, must the action be dismissed or is it more properly abated pending arbitration? Although *Foltz* did not directly address that question, the Supreme Court, in a footnote, commented:

> "ORS 742.520(6) and ORS 742.522(1) impose no impediment to plaintiff's possible pursuit of arbitration on her claims during the pendency of her action in court." *Id.* at 300 n 5.

Thus, as we understand *Foltz*, although PIP disputes must be arbitrated before they can be *tried*, ORS 742.520(6) (1995) does not preclude the *filing* of a court action before PIP arbitration occurs. That is, if an action is filed, it is subject to abatement, not dismissal.

■  Here, defendant moved to dismiss or, in the alternative, to abate. The trial court denied that motion. Defendant's sole assignment of error pertaining to that ruling states: "The trial court erred in denying defendant's ORCP 21 motion to dismiss plaintiff's claim for failure to state ultimate facts sufficient to constitute a claim." Defendant's arguments on appeal pertain solely to the denial of dismissal; defendant does not argue that the court's refusal to abate was erroneous.[4]

---

[4] We note, particularly, that defendant has not requested that this court remand to the trial court with instructions to vacate the arbitration award and to abate this action pending PIP arbitration pursuant to ORS 742.520(6) (1995).

Consistent with *Foltz,* the court's denial of outright dismissal, which is the sole object of defendant's assignment and arguments, was not error. Accordingly, we reject defendant's first assignment.

We proceed to the second assignment of error, which asserts that the court erred in denying defendant's motion to strike plaintiff's allegation asserting an entitlement to fees pursuant to ORS 742.061.[5] That statute provides:

> "If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state *upon any policy of insurance of any kind or nature,* and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon." (Emphasis added.)

Defendant argued to the trial court, and again on appeal, that the omnibus entitlement to attorney fees in ORS 742.061 was "trumped" in the PIP context by the combination of: (1) the mandatory PIP arbitration directive of ORS 742.520(6) (1995) and (2) ORS 742.522(2), which provides that recoverable costs in a PIP arbitration pursuant to ORS 742.520(6) do not include attorney fees.[6] Defendant asserts particularly:

> "The legislative intent behind the PIP statutes seems obvious[:] to provide a simple, fast, inexpensive means of resolving disputes via arbitration, with most of the costs, never including attorneys fees, to be borne by the insurer. To allow a claim for attorneys fees, pursuant to ORS

---

[5] Defendant does not assign error to the trial court's ultimate award of attorney fees. In particular, the defendant does not assert that that award was improper on the ground that the litigation—and, particularly, the court-annexed arbitration that resulted in the award—should have been stayed pending statutory PIP arbitration under ORS 742.520(6).

[6] ORS 742.522(2) provides:

> "Costs to the insured of the arbitration proceeding shall not exceed $100 and all other costs of arbitration shall be borne by the insurer. *As used in this subsection, 'costs' does not include attorney fees* or expenses incurred in the production of evidence or witnesses or the making of transcripts of the arbitration proceedings."

742.061, to be included in this claim, would directly contravene the more specific statute, ORS 742.522, and make the latter statute nonsensical and surplusage."

■ Defendant's argument depends on a false premise. It assumes that PIP arbitration pursuant to ORS 742.520(6) (1995) is the exclusive and final forum for resolving non-small-claims PIP disputes and, thus, that ORS 742.522(2) necessarily precludes any recovery of attorney fees incurred in such disputes. However, *Foltz* explodes that premise: Statutory PIP arbitration is not exclusive or, necessarily, conclusive; rather, parties who are dissatisfied with results of arbitration under ORS 742.520(6) are free to pursue litigation. ORS 742.522(2), which, by its terms, concerns only costs incurred in connection with arbitration under ORS 742.520(6), does not purport to address entitlement to costs, including attorney fees, incurred in PIP *litigation*. *Cf. Douglass v. Allstate Ins. Co.*, 152 Or App 216, 221-23, 953 P2d 770 (1998) (under ORS 742.061, prevailing plaintiff who litigated entitlement to uninsured motorist (UM) benefits was entitled to reasonable attorney fees incurred in mandatory court-annexed arbitration of her claim; ORS 742.504(10), which provides for "elective" arbitration of UM disputes and which precludes recovery of attorney fees as costs in such arbitration, did not preclude award). Thus, where a party alleges an entitlement to prevailing party attorney fees in connection with PIP litigation, there is no conflict between ORS 742.061 and ORS 742.522(2). The trial court did not err in denying defendant's motion to strike plaintiff's allegation of entitlement to attorney fees under ORS 742.061.

Affirmed.