Argued and submitted April 12, 2002, reversed and remanded February 18, 2004

Deanna BARACKMAN,
*Respondent,*

*v.*

Anthony ANDERSON,
*Appellant.*

9908-08315; A112472

84 P3d 830

Thomas M. Christ argued the cause for appellant. With him on the briefs was Cosgrave, Vergeer & Kester LLP.

Willard E. Merkel argued the cause for respondent. With him on the brief were Leah A. Johnson and Popick & Merkel.

Before Edmonds, Presiding Judge, and Armstrong and Schuman,* Judges.

ARMSTRONG, J.

---

* Schuman, J., *vice* Kistler, J., resigned.

## ARMSTRONG, J.

Defendant appeals from a judgment for plaintiff in a personal injury action that arose from an automobile accident. Among other things, plaintiff sought damages from defendant for alleged injuries to her teeth. Defendant asserted as an affirmative defense that plaintiff's claim for damages for her injured teeth was barred by issue preclusion because arbitrators had found in an arbitration proceeding between plaintiff and her automobile insurance company that her teeth had not been injured in the accident. The trial court granted summary judgment to plaintiff on the defense. Defendant assigns error to the order granting summary judgment. We review for legal error and reverse.

■ "Because this is a summary judgment proceeding, we view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to [defendant], who is the party opposing the motion." *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). Plaintiff filed a personal injury action against defendant for injuries that she allegedly sustained in an automobile accident with defendant. She also sought personal injury protection (PIP) benefits from her insurer in an arbitration proceeding conducted pursuant to ORS 742.520(6).[1] As noted, the PIP arbitrators denied plaintiff an award of PIP benefits for alleged injuries to her teeth based on their determination that her teeth were not injured in the accident. Based on that decision, defendant pleaded an affirmative defense of issue preclusion as a bar to plaintiff's claim for damages for injuries to her teeth. Plaintiff moved for summary judgment on that defense. The trial court granted the motion, and a jury ultimately awarded plaintiff damages, including damages for injuries to her teeth.[2]

---

[1] ORS 742.520(6) provides:

"Disputes between insurers and beneficiaries about the amount of personal injury protection benefits, or about the denial of personal injury protection benefits, shall be decided by arbitration if mutually agreed to at the time of the dispute."

[2] The parties stipulated that, if the jury found in plaintiff's favor, then plaintiff would be awarded a total of $6,011.41 in damages for injuries to her teeth.

As we noted in *Shuler v. Distribution Trucking Co.,* 164 Or App 615, 623, 994 P2d 167 (1999), *rev den,* 330 Or 375 (2000), "whether, in principle, issue and claim preclusion apply to arbitration proceedings has not been seriously doubted for decades." Plaintiff nevertheless contends that the PIP arbitration award should not be given preclusive effect in her personal injury action against defendant. She advances several arguments in support of that contention. We consider them in turn.

■ Plaintiff first argues that ORS 742.522(1) limits the preclusive effect of PIP arbitration decisions to proceedings in which both the party seeking to have a PIP arbitration decision be given preclusive effect and the party against whom it is to be given that effect were parties to the arbitration proceeding. We do not interpret the statute to have that effect. ORS 742.522(1) provides that a PIP "[a]rbitration under ORS 742.520(6) is binding on the parties to the arbitration." That language simply establishes that a PIP arbitration proceeding under ORS 742.520(6) is a binding rather than a nonbinding proceeding. It does not alter the basic preclusive principles that generally apply to binding arbitration proceedings.

■ Plaintiff next argues that PIP arbitration proceedings are intended to provide a relatively quick and inexpensive way for PIP beneficiaries to obtain PIP benefits. She contends that it would undermine those policies to give preclusive effect to PIP arbitration decisions because PIP claimants would have to invest more time and effort in PIP arbitration proceedings in order to avoid having factually erroneous decisions applied against them in other proceedings.

There is statutory support for the proposition that PIP arbitration proceedings are intended to be less costly for PIP claimants than for insurers. ORS 742.522 provides that PIP claimants are not required to pay more than $100 toward the cost of those proceedings, which means that PIP insurers will pay a disproportionate share of those costs. Although the statute imposes that limit on costs, we do not believe that it represents a legislative decision to insulate PIP claimants from the preclusive effect of binding arbitration decisions.

Arbitration proceedings generally are intended to be quicker and less costly than judicial proceedings. If plaintiff were correct that it would vitiate those goals to give preclusive effect to arbitration decisions, then arbitration decisions should not be given preclusive effect. It is well established in Oregon, however, that issue and claim preclusion generally apply to decisions in binding arbitration proceedings notwithstanding the possible effect that preclusion can have on the ability of parties to use arbitration to obtain a comparatively quick and inexpensive resolution of their disputes. We therefore reject plaintiff's argument that it is inconsistent with the nature of PIP arbitration proceedings to give preclusive effect to decisions in those proceedings.

Plaintiff also argues that *Mazorol v. Coats*, 102 Or App 8, 11-12, 793 P2d 325 (1990), *rev'd*, 316 Or 367, 852 P2d 178 (1993), dictates that we not give preclusive effect to PIP arbitration decisions. The fundamental problem with that argument is that the Supreme Court reversed our decision in *Mazorol* and, based on its decision in *Carrier v. Hicks*, 316 Or 341, 851 P2d 581 (1993), held that an arbitration decision regarding uninsured motorist benefits between a plaintiff and his insurer *could* be given preclusive effect in subsequent litigation between the plaintiff and the alleged tortfeasor. *Mazorol*, 316 Or at 369. *Carrier* further held that it does not violate the right to a jury trial to give preclusive effect to decisions in voluntary arbitration proceedings. *Carrier*, 316 Or at 351-52. PIP arbitration proceedings are voluntary proceedings because parties are not required to arbitrate PIP disputes unless they agree to do so. *See* ORS 742.520(6). Consequently, *Carrier* controls and establishes (1) that binding arbitration decisions in disputes between plaintiffs and insurers over automobile insurance benefits can be given preclusive effect in subsequent proceedings brought by plaintiffs against alleged tortfeasors and (2) that it does not violate plaintiff's right to a jury trial to give preclusive effect to the PIP arbitration decision in this case. We conclude, therefore, that the trial court erred in granting plaintiff's motion for summary judgment on defendant's issue preclusion defense.

Reversed and remanded.