Argued and submitted January 6, decision of the Court of Appeals affirmed; judgment of circuit court reversed, case remanded to circuit court for further proceedings March 31, 2005

## Deanna BARACKMAN,
*Petitioner on Review,*

*v.*

## Anthony ANDERSON,
*Respondent on Review.*

(CC No. 9908-08315; CA A112472; SC S51462)

109 P3d 370

Williard E. Merkel, of Merkel & Associates, Portland, argued the cause and filed the petition for petitioner on review.

Thomas Christ, of Cosgrave, Vergeer & Kester LLP, Portland, argued the cause and filed the briefs for respondent on review.

Meagan A. Flynn, Portland, filed briefs on behalf of *amicus curiae* Oregon Trial Lawyers Association.

DE MUNIZ, J.

## DE MUNIZ, J.

The issue in this case is whether a decision in a personal injury protection (PIP) arbitration should be given preclusive effect in a subsequent civil action.[1] Plaintiff claimed dental injuries arising out of a vehicle collision and sought PIP benefits from her own insurer. An arbitration panel concluded that the collision did not cause plaintiff's dental injuries.

Plaintiff later sought compensation for those injuries in this civil action. Defendant, however, raised as an affirmative defense that the arbitration panel already had determined that issue adversely to plaintiff. The trial court refused to give the arbitration decision any preclusive effect and permitted the jury to determine liability and award damages for plaintiff's dental injuries. Defendant appealed. The Court of Appeals concluded that the trial court had erred in granting plaintiff's summary judgment motion against defendant's affirmative defense asserting issue preclusion. We allowed review and now affirm the decision of the Court of Appeals on the limited grounds described below.

The material facts are undisputed. Plaintiff and defendant were involved in a collision in which defendant turned his vehicle in front of plaintiff's vehicle in order to enter a driveway. Plaintiff maintained that, in the collision, she injured her back and neck and fractured two teeth. She sought compensation two ways—initially filing for PIP benefits from her insurer and subsequently filing a personal injury action against defendant. After the insurer denied PIP benefits for the dental injuries, plaintiff requested arbitration. *See* ORS 742.520(6) (PIP disputes between insurers and beneficiaries shall be decided by arbitration "if mutually agreed to at the time of the dispute"). The arbitration panel concluded that the collision was not the cause of plaintiff's dental injuries and denied her PIP benefits for dental treatment.

---

[1] PIP benefits include payments for medical and medically related expenses, loss of income, and loss of essential services as the result of a motor vehicle accident. ORS 742.520(3). An insurer is required to pay PIP benefits promptly after a proof of loss is submitted to the insurer, and the potential existence of a tort action does not excuse the insurer's duty to pay such benefits. ORS 742.520(4) and (5).

Later, during this civil action, defendant asserted as an affirmative defense that the arbitration decision precluded plaintiff from seeking compensation for the injury to her teeth. Plaintiff moved for summary judgment in response to that defense, and the trial court granted the motion. At trial, a jury awarded plaintiff damages that included compensation for the injury to her teeth.

Defendant appealed, arguing that the arbitration decision should have been accorded preclusive effect in the subsequent civil action. Plaintiff responded that the legislature did not intend issues decided in PIP arbitration proceedings to have preclusive effect and that accordingly the arbitration decision violated her right to a jury trial under Article I, section 17, of the Oregon Constitution. The Court of Appeals disagreed with plaintiff's arguments and reversed the judgment. *Barackman v. Anderson*, 192 Or App 176, 84 P3d 830 (2004). We allowed plaintiff's petition for review to address the issue.

■■ We begin with a brief discussion of the concept of issue preclusion, as that concept is recognized as an aspect of Oregon law. "Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993). Issue preclusion is a jurisprudential rule that promotes judicial efficiency. *Id.* (citing *State v. Ratliff*, 304 Or 254, 257, 744 P2d 247 (1987)). In *Nelson*, the court identified five requirements essential to the application of issue preclusion: (1) "[t]he issue in the two proceedings is identical"; (2) the issue actually was "litigated and was essential to a final decision on the merits in the prior proceeding"; (3) "[t]he party sought to be precluded has had a full and fair opportunity to be heard on that issue"; (4) "[t]he party sought to be precluded was a party or was in privity with a party to the prior proceeding"; and (5) "[t]he prior proceeding was the type of proceeding to which this court will give preclusive effect." *Id.* at 104.

Ordinarily, a party resisting the application of issue preclusion would attempt to do so based on the alleged

absence of one or more of the five *Nelson* requirements. However, plaintiff in this case does not address in this court the five requirements that *Nelson* identified as essential to the application of issue preclusion. In fact, the trial court record does not contain the PIP arbitration record or the arbitration decision.[2] Neither party cites any statutes that disclose the requirements, nature, or character of PIP arbitration proceedings, generally. The trial court record discloses only that, before trial, plaintiff moved for summary judgment in response to defendant's affirmative defense based on issue preclusion. Both parties treated the preclusion question raised in plaintiff's summary judgment motion as a legal one, framed solely by plaintiff's legal arguments against according the PIP arbitration decision preclusive effect. Specifically, plaintiff asserted that the legislature did not intend for issues decided in a PIP arbitration to be accorded preclusive effect in a subsequent civil action, and to permit preclusion would unconstitutionally deprive plaintiff of a jury trial on the issue decided in the PIP arbitration. Thus, this case does not present questions concerning whether the PIP arbitration authorized in ORS 742.520(6)[3] provides an outcome that would meet the five *Nelson* factors. We therefore limit our discussion to those arguments that plaintiff raised in her summary judgment motion and that she continues to assert in this court. We now turn to those arguments.

■ Plaintiff first maintains that, as a matter of statutory construction, the legislature did not intend that issues decided in a PIP arbitration proceeding be accorded preclusive effect in a subsequent civil action. That argument relies solely on an interpretation of the words of ORS 742.522(1), which provides: "Arbitration under ORS 742.520(6) is binding on the parties to the arbitration."

---

[2] The record in this case does not inform us whether in the arbitration witnesses were sworn before testifying, whether witnesses testified in person, whether the proceeding was recorded and/or transcribed, or whether written findings were made.

[3] ORS 742.520(6) provides:

"Disputes between insurers and beneficiaries about the amount of personal injury protection benefits, or about the denial of personal injury protection benefits, shall be decided by arbitration if mutually agreed to at the time of the dispute."

■■    This court's inquiry regarding the meaning of a statute must be undertaken according to the methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In accordance with that methodology, we first examine the text and context of the statute, giving words of common usage "their plain, natural, and ordinary meaning." *Id.* at 611. If the legislative intent is clear from the text and context of the statute, then further analysis is unnecessary. *Id.*

Examining the words of ORS 742.522(1), they indicate that an arbitration is binding with respect to the parties' dispute, as opposed to advisory or nonbinding. Plaintiff, however, offers a different meaning. According to plaintiff, the issues determined in a PIP arbitration are binding only as to the parties' dispute, but cannot be asserted as preclusive in a subsequent proceeding by any person or entity not a party to the PIP proceedings. It is true that the arbitration decides only the dispute between the parties. In this case, the arbitration determined that the collision in question did not cause the injuries to plaintiff's teeth and, according to the plain text of ORS 742.522(1), that determination is binding as between plaintiff and her insurer. That, however, is as far as the statutory directive extends.

This court must respect the separate roles assigned to the legislature and to the courts. The legislature created the statutory arbitration process for the determination of PIP benefit disputes. It did not, however, expressly specify how a court must treat PIP arbitration findings in subsequent proceedings. Indeed, the statutory context demonstrates that the legislature has known for some time how to prevent arbitration proceedings from having a preclusive effect in a subsequent civil action and did so in arbitrations between insurers. *See* ORS 742.534(4) (findings and awards made in arbitration proceedings between insurers "are not admissible in any action at law or suit in equity").

In this instance, plaintiff has failed to demonstrate that the words of ORS 742.522(1) reflect a legislative intent to prohibit courts of this state from applying the doctrine of issue preclusion to arbitration decisions.[4] It is true of course,

---

[4] We note that, in general, arbitration proceedings have been accorded preclusive effect in subsequent civil actions for decades. *See Rueda v. Union Pacific Railroad Co.*, 180 Or 133, 162-73, 175 P2d 778 (1946).

that the statute also does not indicate that the legislature intended to authorize the preclusive use of PIP arbitrations. But that fact only establishes that the statute is neutral on the issue. Plaintiff had to show something more. We reject plaintiff's argument that the legislature intended ORS 742.522(1) to prevent judicial application of the doctrine of issue preclusion to PIP arbitration proceedings.

■      Plaintiff argues next that she had little incentive to contest the dispute over dental treatment in the arbitration, because the amount of damages was less than or merely a subset of what plaintiff could obtain in a subsequent civil action. At the outset, we observe that that argument is not related to the third consideration under *Nelson, viz.*, whether the party sought to be precluded had a full and fair opportunity to be heard on that issue. Here, plaintiff does not argue that she lacked a full and fair opportunity to litigate her claim in the PIP arbitration, but instead maintains that the arbitration was less important or significant than the subsequent civil action and that she had little economic incentive to pursue the matter. In support of that argument, plaintiff asserts that PIP arbitration is supposed to be "quick and inexpensive." We do not quarrel with plaintiff's description. Plaintiff does not suggest, however, that, because of the quick and inexpensive nature of PIP arbitration proceedings, she was legally prevented from offering greater or different kinds of proof or argument at the arbitration proceeding. What plaintiff chose to do was her choice, nothing more. Plaintiff simply has not demonstrated that the forum somehow prevented her from offering the proof that she needed to show to prevail on her PIP claim.

■      Finally, plaintiff argues that according preclusive effect to the arbitration findings would deprive her of her right to a jury trial under Article I, section 17, of the Oregon Constitution, even though she voluntarily chose to arbitrate her claim to dental benefits. Article I, section 17, provides that "[i]n all civil cases the right of Trial by Jury shall remain inviolate." Constitutional rights may be waived, however, and the right to a jury trial is one of those rights that may be waived. When a party agrees to arbitration, the state has not deprived that party of a jury trial, because the party "voluntarily has agreed to forego one." *Carrier v. Hicks*, 316 Or 341, 352, 851 P2d 851 (1993); *Molodyh v. Truck Insurance*

*Exchange*, 304 Or 290, 299, 744 P2d 992 (1987). At one time, the legislature mandated arbitration of PIP disputes; as a result, this court treated PIP arbitration findings as nonbinding, because to do otherwise would force a party to waive its constitutional right to a jury trial. *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 326 Or 294, 302, 952 P2d 1012 (1998) (so stating). The legislature, however, changed the law to make PIP arbitration voluntary. *Id.* at 298 n 2. Here, plaintiff voluntarily chose to arbitrate and thus waived her right to a jury trial as to the issues disputed in the arbitration.

As earlier suggested, at this juncture, one issue ordinarily would remain, *viz.*, the issue whether, in the absence of a legislative choice one way or the other respecting the availability of issue preclusion in these circumstances, this court should declare as a matter of common law whether issue preclusion is available. We say "ordinarily," because we would anticipate that the parties also would have addressed that issue. However, this was not the ordinary case. The parties' apparent assumption before both the trial court and the Court of Appeals was that, unless one of plaintiff's two arguments that we already have addressed is well taken, issue preclusion would apply. That assumption was incorrect. For issue preclusion to apply to PIP arbitrations as a matter of law, all the *Nelson* requirements must be satisfied. However, as previously noted, not all of the *Nelson* requirements can be determined on the record before us. It follows that the Court of Appeals had no legal basis for ruling as a matter of law that issue preclusion *did* apply in this case. To the extent that court's opinion can be read to do so, such a holding is beyond the scope of the legal questions framed by plaintiff's summary judgment motion and defendant's response. The question whether, under *Nelson*, issue preclusion was available to defendant in this case as a matter of law was not properly before the Court of Appeals and is not now properly before us. We therefore express no opinion respecting the issue.

The foregoing notwithstanding, and in light of plaintiff's limited arguments and the limited record before this court, we conclude that the Court of Appeals did not err in reversing the trial court's order that struck defendant's affirmative defense based on issue preclusion. That decision is

affirmed, albeit on different and more limited grounds than those the Court of Appeals stated.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.