Argued and submitted August 13, reversed and remanded September 24, 2008

THE HAYS GROUP, INC.,
a foreign business corporation,
dba Hays Companies of Oregon,
*Plaintiff-Appellant,*

*v.*

Philip BIEGE,
an individual,
*Defendant-Respondent,*

*and*

LaPORTE & ASSOCIATES, INC.,
an Oregon corporation,
*Defendant.*

Clackamas County Circuit Court
CV06120134; A135640

193 P3d 1028

Kim E. Hoyt argued the cause for appellant. With her on the briefs was Garrett Hemann Robertson P.C.

Moe A. Brown argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

LANDAU, P. J.

## LANDAU, P. J.

This is an interlocutory appeal of an order denying plaintiff's motion to abate and to compel arbitration. Plaintiff contends that the trial court erred in concluding that the arbitration clause that is the basis for the motion is unenforceable. We agree and reverse and remand.

The relevant facts are not in dispute. Plaintiff The Hays Group, Inc., (Hays) is an insurance producer, that is, one who is licensed to sell, solicit, or negotiate insurance. ORS 731.104. Hays hired defendant Biege to work as a senior vice-president. As a condition of employment, Biege was required to execute a Confidentiality and Anti-Solicitation Agreement with Hays. The agreement provides that, among other things, if Biege ever left employment with Hays, he would not solicit insurance from any of Hays's customers for a period of 18 months after the end of employment. The agreement includes an arbitration provision, which states:

> "**Arbitration**. Any controversy or claim arising out of or relating to (a) this Agreement or the breach thereof, or (b) the employment relationship between Employer and Employee, be it for sexual harassment, employment or age discrimination, infliction of emotional distress or any other common law or statutory claims, shall be settled by final and binding arbitration administered by the American Arbitration Association. Judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Notwithstanding the above, Employer shall have the right and authority to petition any court with subject matter and personal jurisdiction for temporary and/ or permanent injunctive relief to enforce and prevent the breach of [specified paragraphs, including the non-solicitation provision] of this Agreement."

(Boldface and underscoring in original.) The agreement also contains a choice-of-law provision requiring Minnesota law to apply to controversies under its terms.

Hays terminated Biege's employment. The reasons for, and the propriety of, that termination are not material to the dispute before us. Shortly after the termination, Biege began working for a Hays competitor. Hays sued Biege for

breach of contract and intentional interference with economic relations and, a few days later, moved for a temporary restraining order enjoining Biege from any further solicitations of Hays's customers. Biege answered and asserted a number of counterclaims, including claims for wrongful termination, breach of contract, failure to pay wages, and age discrimination. Hays then moved to abate the proceedings and to compel arbitration.

Biege opposed the motion to abate. He asserted that the arbitration provision is unenforceable because it does not contain an explicit waiver of his right to a jury trial, which is guaranteed by Article I, section 17, of the Oregon Constitution. He also asserted that the entire employment agreement is void on the ground that it amounts to an unconscionable contract of adhesion. Hays asserted that, under Minnesota law, the agreement and its arbitration clause are fully enforceable.

The trial court agreed with Biege that the arbitration provision is unenforceable. The court expressly based its ruling on the holding that "the law at this point[ ] requir[es] notice that you are waiving the right to a jury trial," apparently applying Oregon law. The court did not reach Biege's other arguments.

■ On appeal, Hays contends that neither Oregon nor Minnesota law conditions the validity of an arbitration provision on an explicit waiver of the right to a jury trial. Biege concedes that no case from either jurisdiction supports the trial court's decision. He nevertheless asserts that we should hold that, given the constitutional guarantee to a jury trial, the validity of arbitration agreements should depend on the presence of an explicit waiver of that right. In the alternative, Biege contends that the agreement is void as an unconscionable contract of adhesion.

The Federal Arbitration Act, 9 USC § 2, provides that the enforceability of an arbitration provision may be challenged in state court "upon such grounds as exist at [state] law or in equity for the revocation of any contract." So state law governs the enforceability of the arbitration clause at issue here. *Motsinger v. Lithia Rose-FT, Inc.*, 211 Or App 610, 613-14, 156 P3d 156 (2007).

In this case, the agreement in dispute contains a Minnesota choice-of-law provision, the applicability of which Biege challenges. Neither Biege nor Hays, however, has suggested that Minnesota law is materially different on the points in contention, and we are aware of no such differences. We therefore apply Oregon law. *See Portland Trailer & Equipment v. A-1 Freeman Moving*, 182 Or App 347, 352, 49 P3d 803 (2002) ("If there is no material difference, there is a 'false conflict,' and Oregon law governs.").

■ Article I, section 17, of the Oregon Constitution provides that "[i]n all civil cases the right of Trial by Jury shall remain inviolate." A party may not be compelled to give up that right, even by statute. *Molodyh v. Truck Insurance Exchange*, 304 Or 290, 295, 744 P2d 992 (1987). But a party may voluntarily waive the right by agreement. *Carrier v. Hicks*, 316 Or 341, 352, 851 P2d 851 (1993).

Close in point—although not cited by either party—is the Supreme Court's decision in *Barackman v. Anderson*, 338 Or 365, 109 P3d 370 (2005). In that case, the issue was whether according preclusive effect to an arbitrator's findings would deprive a party of the constitutional right to a jury trial. The court answered the question in the negative, reasoning that, "[w]hen a party agrees to arbitration, the state has not deprived that party of a jury trial." *Id.* at 371.

In this case, the agreement expressly provides that any claim relating to the employment relationship between Hays and Biege "shall be settled by final and binding arbitration." Claims cannot be settled by "final" and "binding" arbitration except by a waiver of the right to a jury trial. As in *Barackman*, Biege in this case was not unlawfully deprived of his right to a jury trial. He voluntarily agreed to waive that right.

That leaves Biege's alternative argument that, at all events, the entire agreement is unenforceable on the ground that it is unconscionable. According to Biege, the agreement is an "unfair and unreasonable adhesion contract[ ] with no room for negotiation between the parties." Oregon courts, however, are "reluctant to declare contractual provisions '*per se*' unconscionable, even among parties of unequal

bargaining power." *Motsinger*, 211 Or App at 623. We reject Biege's unconscionability argument without further discussion.

Reversed and remanded.