Argued and submitted August 22, reversed
and remanded November 26, 1979

KOOS, et al,
*Respondents,*

*v.*

ROTH,
*Appellant.*

(No. 50967, CA 12908)

602 P2d 1128

Paul D. Clayton, Eugene, argued the cause for appellant. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Dean M. Quick, Albany, argued the cause for respondents. With him on the brief was Weatherford, Thompson, Brickey & Powers, P.C., Albany.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Plaintiffs sued for property damages caused in August, 1977, by a field burning fire in Linn County that escaped from defendant's land, crossed adjoining property and spread onto plaintiffs' land. On the day of trial plaintiffs amended their pleadings to add a cause of action based on strict liability and also submitted a supplemental complaint pleading collateral estoppel arising out of a previous lawsuit. The trial court accepted those pleadings over objection by defendant as to their timeliness. The court found that defendant's strict liability was conclusively determined in the prior litigation, and it directed a verdict for plaintiffs. The jury heard evidence only on the measure of damages.

Defendant assigns as error: (1) the court's granting plaintiffs permission to file untimely amended pleadings adding a new cause of action, (2) the permission to file untimely supplemental pleadings raising collateral estoppel and (3) the finding of collateral estoppel. It is only necessary to discuss the third assignment.

Defendant was a party to a previous lawsuit arising out of the same field burning incident brought by neighbors owning property adjoining both that of plaintiffs and defendant. In the prior lawsuit, the trial court ruled that strict liability governed and directed a verdict for plaintiffs. The parties then settled the case, and the matter was dismissed without the jury having deliberated upon it.

The third assignment rests upon three arguments: (1) the ruling in the prior case was not a final judgment on which collateral estoppel could be predicated; (2) the record in the present case insufficiently established the basis for the decision in the prior action for purposes of collateral estoppel; and (3) it was unfair to impose collateral estoppel based on a manifestly erroneous extension of the doctrine of strict liability to the activity of field burning.

[385]

The first two arguments dispose of the case, so we need not reach the third. A final judgment is a necessary basis for the assertion of collateral estoppel as a bar to relitigation of an issue already tried. Restatement of Judgments, § 41 (1942) states: "The rules of res judicata [1] are not applicable where the judgment is not a final judgment." Comment e to that section states also that a judgment which is not final is not conclusive "by way of collateral estoppel between the parties in a subsequent action on a different cause of action." In *McAllister v. Charter First Mortgage, Inc.,* 279 Or 279, 285, 567 P2d 539 (1977), the Oregon Supreme Court stated:

> "Before res judicata applies, the prior lawsuit must have ended in an 'adjudication of issues which have culminated in a final decree.' *Huszar v. Certified Realty Co.,* 272 Or 517, 523, 524, 538 P2d 57 (1975). *See also, R.L.K. and Co. v. Tax Commission,* 249 Or 603, 608-09, 438 P2d 985 (1968). In the case at bar there is no evidence that any final judgment or prejudicial dismissal was entered in respect to the defendant."

We think the same rule applies to the related principle of collateral estoppel. *Wolff v. Du Puis,* 233 Or 317, 321, 378 P2d 707 (1963),[2] indicates that an issue of fact on which collateral estoppel is predicated should be "determined by a valid final judgment." We see no reason why the same should not be true where an issue of law is claimed to have been conclusively determined in previous litigation.

The burden is on the party asserting collateral estoppel to prove its elements. *State Farm v. Century Home,* 275 Or 97, 104, 550 P2d 1185 (1976). The record

---

[1] The Restatement defines "res judicata" to include collateral estoppel. Introductory Note, §§ 41-77.

[2] *Wolff v. Du Puis,* 233 Or 317, 378 P2d 707 (1963) was overruled insofar as it impliedly required mutuality for the application of preclusion, *Bahler v. Fletcher,* 257 Or 1, 21, 474 P2d 329 (1970), but is still valid authority as to the finality of a prior judgment for purposes of collateral estoppel.

scloses no evidence that any final judgment or dismissal with prejudice was entered in the first lawsuit. aintiffs did not controvert the statement of defendant's counsel at trial that no final order was entered in e prior lawsuit. The correct procedure to assert collateral estoppel is to place into evidence the prior dgment and appropriate portions of the record. *State rm v. Century Home, supra* at 104. Here we have ly the statements of counsel in the record that the atter was "dismissed," without further explanation.

An order of dismissal without prejudice adjudicates thing, *Huszar v. Certified Realty Co.,supra* at 523, d would not lend itself to a later assertion of res dicata, Annotation, 149 ALR 557 (1944), or collater- estoppel. Even were there a judgment based on a al order dismissing the suit with prejudice, the estion would remain on remand whether such a dgment "actually and necessarily included," and was erefore determinative of, defendant's strict liability. ? ORS 43.160;[3] *Lewis v. International Business Ma-ines Corp.,* 393 F Supp 305 (DC Or 1974). Where the st judgment was based on a dismissal with prejudice er settlement by the parties, it may be unclear ether or not the judgment is actually determinative the issue in question. For example, the settlement y be a compromise on the issue of liability, which fendant continues to disclaim.[4] Collateral

---

[3] ORS 43.160:

"That only is determined by a former judgment, decree or order which appears upon its face to have been so determined or which was actually and necessarily included therein or necessary thereto."

[4] Although there are no Oregon cases on this point, there is California ority for the proposition that a compromise settlement without trial, re liability continues to be disclaimed, should not preclude a later trial he merits where a different party is involved. *Clovis Ready Mix Co. v. a Freight Lines,* 25 Cal App 3d 276, 285, 101 Cal Rptr 820 (1972). In v. Shank, 5 Cal App 3d 964, 85 Cal Rptr 709, *modified on other nds,* 86 Cal Rptr 515 (1970), the court pointed out that the settlement at case, although made after a jury finding of negligence, might have made upon a continued denial of negligence by defendant "at a stage

estoppel might also be inappropriate when the prior lawsuit has been settled in those

> "*** instances in which the party to the first case, at the time of that litigation, does not realize that subsequent litigation is in the offing. Depending upon the circumstances, this might be the basis for a valid argument that it would be unfair to preclude him from relitigating the issue." *Bahler v. Fletcher,* 257 Or 1, 11, 474 P2d 329 (1970).

Assessment of such considerations, in the light of all the circumstances, can only be made in each case on the basis of an adequate record of the prior proceeding and of the facts surrounding its settlement. Those things were not present here.

Reversed and remanded.

---

in the proceedings when his right to attack the jury finding had not been exhausted." *Supra* at 972. The court went on to say:

> "While in most cases such a judgment based upon a written dismissal by the plaintiff may be the result of a settlement between the parties, it would be necessary in each instance to go into the circumstances to see whether there had been a compromise on the question of liability. Such a judgment has not the same effect as a stipulated judgment in favor of the plaintiff for the amount of the agreed settlement. *** While the dismissal with prejudice given for a consideration amounts to a retraxit as between the parties, it is impossible to see why it should on the face of it give to a stranger to the action the right to assert a collateral estoppel against the same defendant in another action."