Submitted January 3, affirmed July 16, 2014

CITY OF PORTLAND,
*Plaintiff-Respondent,*

*v.*

Joseph R. HUFFMAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
Z1972123; A151479

331 P3d 1105

Erick J. Haynie and Perkins Coie LLP filed the brief for appellant.

Harry Auerbach filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

After a hearing to determine whether defendant should be excluded from Portland city parks, a City of Portland Hearings Officer determined that the city had not met its burden to prove that defendant had possessed alcohol in a city park, as had been alleged as the basis for the proposed exclusion. The city subsequently prosecuted defendant in Multnomah County Circuit Court for violating a city ordinance that prohibits possessing alcohol in city parks. At the close of evidence in that trial, defendant asserted the doctrine of issue preclusion as a bar to finding that he had possessed alcohol in the park; his reasoning was that the city hearings officer had already determined that, as a factual matter, defendant had not possessed alcohol in the park. The issue presented to us is whether the trial court erred by not applying the doctrine of issue preclusion. We conclude that it did not, and affirm.

Portland Police Officer Sanders saw defendant sitting on a bench in Waterfront Park. There was an open can of beer nearby. Defendant was holding a coffee cup. When Sanders eventually made defendant pour out the cup's contents, Sanders observed a liquid that he thought was beer, based on its color and its foaming upon hitting the ground. He issued defendant an Oregon Uniform Citation and Complaint for violating Portland City Ordinance 20.12.040, which provides, among other things, "No person shall sell, possess or consume any alcoholic beverage in any park, except under a concession contract or lease [or with a permit]." The complaint directed defendant to appear in Multnomah County Circuit Court. Sanders also issued defendant a "Notice of Exclusion or Warning from City of Portland Park." That notice relied on defendant's violation of ordinance 20.12.040 as the basis for the exclusion.

Defendant challenged that exclusion before a City of Portland hearing officer. Sanders did not appear at the exclusion hearing. He later testified that the reason he had not done so was because defendant had successfully requested a postponement of a previously scheduled hearing date and Sanders had not been informed of the change in date. Although a complete record of that hearing does not appear

before us, an exhibit list attached to the order indicated that the hearings officer received and considered multiple pieces of evidence from the "Complaint Signer's Office," including the notice of exclusion, a "[Portland Police Bureau] Special Report," a "[Portland Police Bureau] Custody Report," and the "Oregon Uniform Citation and Complaint." According to the resulting order, defendant stated at the hearing that he was drinking coffee during his encounter with Sanders and had not possessed beer in the park. Noting that "Parks[1] has the burden of persuasion in this case," the hearings officer's order stated that, "without further explanation from Parks, the Hearings Officer cannot conclude that Parks has met its burden with respect to the Notice of Exclusion." The order accordingly ruled that the notice of exclusion was invalid.

The complaint against defendant, however, remained, and he was brought to trial upon it in the Multnomah County Circuit Court. *See generally* ORS 3.132 (providing that circuit courts have jurisdiction over alleged city ordinance violations); ORS 153.005 - 153.121 (providing rules for the trial and appeal of certain ordinance violations). The infraction was treated as a violation; no prosecutor was present, Sanders was the only witness, and defendant was represented by counsel. At the outset of the trial, the court asked if there would be opening argument; defendant's counsel declined, but stated, "we'll have some legal argument at the conclusion." Sanders then testified about his encounter with defendant. Defendant's lawyer cross-examined Sanders. At the conclusion of that examination defense counsel introduced the hearings officer's order from the park-exclusion proceeding, and argued that the doctrine of issue preclusion should apply to prevent the state from proving the violation. The court rejected that argument, stating:

> "I don't believe that collateral estoppel or issue preclusion applies in an infraction case like this. For one thing, we've got different parties involved. This [the park exclusion matter] is strictly between the Parks Bureau, which is an

---

[1] "Parks" apparently referred to the Portland Parks Bureau. At defendant's trial, Sanders testified that, on the day he encountered defendant, he was "assigned to the—it's a liaison, the City of Portland and Public—a security company downtown—Portland patrol. My duties entail a lot of park patrol * * *."

agency of the City of Portland, and the Portland Police here, and this is a prosecution under a * * * municipal ordinance.

"I'm not really sure that issue preclusion is the proper principle here, especially since because of an administrative error the officer did not appear and testify, and I think it would be much like—a default judgment would be a better analogy, and I don't think it's fair to find a factual preclusion from this forum that affects the validity of this ticket."

The trial court then found that the city had proved the violation by a preponderance of the evidence and assessed a fine of $75 against defendant.

Defendant asserts that the circuit court erred in refusing to apply the doctrine of issue preclusion to foreclose a finding that he had possessed alcohol in the park. We review for legal error the question whether the evidence was sufficient to establish the necessary requisites for the doctrine to apply. *State Farm v. Century Home*, 275 Or 97, 105, 550 P2d 1185 (1976).

Although issue preclusion can be based on the constitution, a statute, or common law, *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993), neither party suggests that a statutory or constitutional basis is at issue here. We thus address defendant's arguments within the framework of the common law.

"If one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if five requirements are met:

"1.  The issue in the two proceedings is identical.

"2.  The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

"3.  The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

"4.  The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5.  The prior proceeding was the type of proceeding to which this court will give preclusive effect."

*Id.* at 104 (internal citations omitted). "The party asserting issue preclusion bears the burden of proof on the first, second, and fourth requirements, whereupon the burden shifts to the party against whom preclusion is asserted to show that the third and fifth requirements are not met." *Thomas v. U. S. Bank National Association*, 244 Or App 457, 469, 260 P3d 711, *rev den*, 351 Or 401 (2011). "Even where those elements are met, 'the court must also consider the fairness under all the circumstances of precluding a party.'" *Minihan v. Stiglich*, 258 Or App 839, 855, 311 P3d 922 (2013) (quoting *State Farm*, 275 Or at 110) (brackets in *Minihan* omitted). "If the circumstances are such that our confidence in the integrity of the determination is severely undermined, or that the result would likely be different in a second trial, it would work an injustice to deny the litigant another chance." *State Farm*, 275 Or at 108. "Issue preclusion can preclude subsequent litigation even if the initial proceeding was administrative." *State v. Krueger*, 170 Or App 12, 17, 12 P3d 53 (2000).

Defendant duly asserts that he has discharged his burdens and that the city cannot meet those that it must bear to avoid application of issue preclusion. The city, however, does not attempt to engage defendant on those grounds. Instead, the city makes a policy-based argument, contending that the interests that the doctrine of issue preclusion exists to serve cannot be furthered by its application in this case. Specifically, the city asserts that defendant's invocation of issue preclusion was untimely, insofar as all of the evidence had already been presented at the time that defendant asserted the doctrine.

The Supreme Court has noted, "The doctrine of judicial finality, of which [issue preclusion] is a part, is based on two considerations. First, the protection of private litigants against the harassing necessity of litigating more than once the same issue or cause of action; and, second, the protection of the public's interest in preventing relitigation of matters once decided." *Bahler v. Fletcher*, 257 Or 1, 6, 474 P2d 329 (1970) (footnote omitted); *see Barackman v. Anderson*, 338 Or 365, 368, 109 P3d 370 (2005) ("Issue preclusion is a jurisprudential rule that promotes judicial efficiency."). The difficulty for defendant's arguments in this

case is that, even assuming, as we are willing to, that each of the elements of issue preclusion was satisfied, the time for defendant to assert the doctrine was before trial, *viz.*, before the issue was "relitigated." Given the nature of the violation with which defendant was charged, the issue at stake in the circuit court proceedings was not hard to discern ahead of time: whether defendant had consumed alcohol in the park. There also could have been no doubt as to what issue had been litigated in the exclusion hearing: whether defendant had consumed alcohol in the park. Thus, all of the information needed to assert the doctrine as a bar to relitigation was in full view before the trial in circuit court. In those circumstances, the interests sought to be protected by the doctrine of issue preclusion—a litigant's avoidance of unnecessarily repetitive adjudicatory proceedings and the attendant unnecessary consumption of judicial resources—are not served by an invocation of the doctrine at the conclusion of the proceedings that the doctrine was ostensibly designed to forefend. *See Nelson*, 318 Or at 104 (under issue-preclusion doctrine, a prior decision "may preclude *relitigation* of the issue" (emphasis added)); *State v. Romanov*, 210 Or App 198, 202, 149 P3d 1224 (2006), *rev den*, 342 Or 633 (2007) ("Issue preclusion can *prevent* * * * the relitigation of a factual issue decided in a prior proceeding." (Emphasis added.)). In view of the interests that the doctrine of issue preclusion aims to serve, it is appropriate to conclude that the proper time to assert the doctrine as a bar to the relitigation of an issue was at a point before the issue was relitigated.

Affirmed.