Argued and submitted September 10, 2014, reversed and remanded
March 9, 2016

Richard HANCOCK,
*Plaintiff-Appellant,*

*v.*

PIONEER ASPHALT, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Morrow County Circuit Court
11CV196; A153508

369 P3d 1188

Shawnee Perdue argued the cause for appellant. With her on the briefs was Yturri Rose LLP.

David James Hall argued the cause for respondent. On the brief were Scott M. Gitler and Law Offices of Kathryn Reynolds Morton.

Before Armstrong, Presiding Judge, and Egan, Judge, and Flynn, Judge.*

FLYNN, J.

_____

* Egan, J., *vice* Haselton, S. J.; Flynn, J., *vice* Nakamoto, J. pro tempore.

**FLYNN, J.**

Plaintiff appeals from a judgment dismissing his personal injury action against defendant, Pioneer Asphalt, Inc., as barred by the statute of limitations. This is the second action that plaintiff has filed against defendant for the same injury, and he filed it after the first action was, likewise, dismissed as barred by the statute of limitations. Plaintiff argues that the trial court incorrectly applied the doctrine of issue preclusion to bar plaintiff from litigating an argument for timeliness that he had also raised—unsuccessfully—in the first action and, thus, incorrectly granted summary judgment to defendant on its statute of limitations defense. We conclude that defendant failed to establish that the first action, which was dismissed without prejudice, ended in a final decision to which issue preclusion applies. Accordingly, we reverse the grant of summary judgment to defendant.

## I.  BACKGROUND

A.  *The 2010 Action*

Plaintiff initially filed a timely action in Morrow County Circuit Court alleging that he was injured on October 3, 2008, while driving over an unmarked speed bump on a private road owned by Threemile Canyon Farms (Threemile). He alleged that his injury was caused by the negligence of Threemile as well as by the negligence of companies that constructed the speed bump—companies that he identified only as "John Does 2 and 3." Because he had not yet identified the paving companies responsible for constructing the speed bump, plaintiff sent a copy of his complaint to defendant and other construction companies known to do business in the county, along with a cover letter advising that they might be the potential defendant named as "John Doe."

More than two years after his injury, plaintiff learned through discovery that defendant was likely involved in constructing the speed bump, and he amended his complaint to allege that defendant was one of the construction companies liable for negligent construction of the speed bump. Defendant moved to dismiss that action under ORCP 21 A(9), which permits dismissal when the "pleading

shows that the action has not been commenced within the time limited by statute." Plaintiff responded by arguing that the letter and copy of the "John Doe" complaint that he had sent to defendant within the two year limitation period provided defendant notice that it was the intended construction defendant against which the negligence claim was asserted, and that the filing date of the amended complaint should, therefore, relate back to the filing date of the original complaint under ORCP 23 C. Defendant replied with a declaration asserting that defendant had searched its records upon receiving plaintiff's letter with the original complaint, and had been unable to determine that it was the construction company described in the complaint. The trial court granted defendant's motion in an order that specifically concluded that ORCP 23 C did not apply and dismissed plaintiff's claim against defendant without prejudice. The order of dismissal was later embodied in a "Supplemental Judgment Regarding Costs & Disbursements And Money Award," which specified that defendant "was dismissed from Plaintiff's Amended Complaint *without prejudice* on May 5, 2011." (Emphasis added.)

B.  *The 2011 Action*

Plaintiff filed the present action against defendant on December 12, 2011, within 180 days of the entry of the supplemental judgment. The negligence allegations are the same, and defendant again responded that the claim was filed after expiration of the statute of limitations. This time, defendant sought summary judgment on its statute of limitations defense.

Plaintiff contended that the second action was timely by virtue of ORS 12.220. That statute provides that an action is not subject to dismissal on statute of limitations grounds if it is filed within 180 days after a judgment dismissing a timely prior action without prejudice and without deciding the merits of the claim. To support his argument that the original action against defendant was timely, plaintiff submitted documents that he obtained through a subpoena to defendant, suggesting that defendant performed work for Threemile before plaintiff's injury and may have constructed a speed bump. He again argued that, because defendant had

timely notice of the claim against it, the filing date of the first action naming defendant should relate back to the date of the original "John Doe" complaint under ORCP 23 C.

In reply, defendant contended that issue preclusion barred plaintiff from relitigating his relation-back argument because it is the same argument that he made and lost when plaintiff opposed defendant's motion to dismiss it from the first complaint. At the summary judgment hearing, plaintiff argued that issue preclusion should not apply. He contended that the documents that he obtained through the subpoena called into question defendant's prior declaration claiming ignorance that it was responsible for constructing the speed bump identified in the complaint. He also contended that he did not discover the documents during the first action because defendant responded to a request for admissions in a way that was misleading. Under those circumstances, plaintiff contended, the first action had not afforded him a full and fair hearing on his claim to which the doctrine of issue preclusion should apply. The trial court disagreed and granted defendant's motion for summary judgment.

## II. ANALYSIS

Although plaintiff's argument below was some-what elaborate, the parties' dispute on appeal is narrow. Plaintiff's only argument for why the present action should not be dismissed as untimely is the protection afforded by ORS 12.220, which applies only if the original action was "filed with a court within the time allowed by statute."[1] And

---

[1] As pertinent to plaintiff's argument, ORS 12.220 provides, in part:

"(1) Notwithstanding ORS 12.020, if an action is filed with a court within the time allowed by statute, and the action is involuntarily dismissed without prejudice on any ground not adjudicating the merits of the action, or is involuntarily dismissed with prejudice on the ground that the plaintiff failed to properly effect service of summons within the time allowed by ORS 12.020 and the statute of limitations for the action expired, the plaintiff may commence a new action based on the same claim or claims against a defendant in the original action if the defendant had actual notice of the filing of the original action not later than 60 days after the action was filed.

"(2) If, pursuant to subsection (1) of this section, a new action is commenced in the manner provided by ORS 12.020 not later than 180 days after the judgment dismissing the original action is entered in the register of the court, the new action is not subject to dismissal by reason of not having been commenced within the time allowed by statute."

plaintiff's only argument for why his original action was filed "within the time allowed by statute" is his premise that the filing date of the amended complaint alleging a negligence claim against defendant relates back under ORCP 23 C to the filing date of the timely filed original complaint alleging the negligence claim against the "John Doe" construction companies.

ORCP 23 C provides that, when an amended pleading asserts a claim arising "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," but changes the party against whom the claim is asserted, "the amendment relates back to the date of the original pleading" if the party:

"(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

For purposes of this appeal, defendant agrees that, if the trial court erred in applying issue preclusion, then the case should be remanded for a trier of fact to determine whether plaintiff's amended complaint naming defendant in the original action was timely filed.[2] But defendant argues that the grant of summary judgment should be affirmed because issue preclusion bars plaintiff from relitigating the argument that his first amended complaint naming defendant in the action was timely under ORCP 23 C, and thus precludes him from relying on ORS 12.220 to defeat defendant's statute of limitations defense. Thus, resolution of plaintiff's appeal turns on whether the trial court correctly held that issue preclusion applies to bar plaintiff from relitigating the relation back issue. Because this is an appeal from a grant of summary judgment to defendant, we

---

[2] In arguments below, defendant also contended that plaintiff cannot rely on ORS 12.220 because he filed the current complaint more than 180 days after entry of the ORCP 21 A(9) *order* in the first action against defendant (rather than the judgment). Plaintiff continues to challenge that construction of the statute, and, for purposes of appeal, defendant concedes that plaintiff met the requirement of ORS 12.220 that the new action must be filed "not later than 180 days after the judgment dismissing the original action."

consider the evidence in the light most favorable to plaintiff and affirm only if we determine that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. *Holdner v. Oregon Trout, Inc.*, 173 Or App 344, 350, 22 P3d 244 (2001) (citing *Jones v. General Motors Corp.*, 325 Or 404, 939 P2d 608 (1997)).

A. *The Doctrine of Issue Preclusion*

Oregon recognizes a common-law doctrine of issue preclusion, which "'arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding.'" *Barackman v. Anderson*, 338 Or 365, 368, 109 P3d 370 (2005) (quoting *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993)). "Issue preclusion is a jurisprudential rule that promotes judicial efficiency." *Id.*

The Supreme Court has identified five requirements that are essential to the application of common-law issue preclusion:

(1) The issue in the two proceedings must be identical;

(2) The issue must have been actually litigated and "'essential to a final decision on the merits in the prior proceeding'";

(3) The party against whom issue preclusion is asserted must have "'had a full and fair opportunity to be heard on that issue'" in the prior proceeding;

(4) The party against whom issue preclusion is asserted must have been "'a party or [be] in privity with a party to the prior proceeding'"; and

(5) The prior proceeding must be "'the type of proceeding to which this court will give preclusive effect.'" *Id.* (quoting *Nelson*, 318 Or at 104).

Moreover, "[e]ven where those elements are met, 'the court must also consider the fairness under all the circumstances of precluding a party.'" *Minihan v. Stiglich*, 258 Or App 839, 855, 311 P3d 922 (2013) (quoting *State Farm v. Century Home*, 275 Or 97, 110, 550 P2d 1185 (1976)

(brackets in *Minihan* omitted)). As we have explained, "'[i]f the circumstances are such that our confidence in the integrity of the determination is severely undermined, or that the result would likely be different in a second trial, it would work an injustice to deny the litigant another chance.'" *City of Portland v. Huffman*, 264 Or App 312, 316, 331 P3d 1105 (2014) (quoting *State Farm*, 275 Or at 108).

B. *Plaintiff's Issue Preclusion Arguments*

Plaintiff argues that the trial court incorrectly applied issue preclusion to bar plaintiff's relation back argument because the summary judgment record does not permit a determination that all five *Nelson* factors are met. Specifically, plaintiff contends that defendant did not establish the second *Nelson* requirement—that the relation back issue was actually litigated and "essential to a final decision on the merits in the prior proceeding." Plaintiff also argues that the prior proceeding is not the kind of proceeding to which the court will give preclusive effect, and that plaintiff was not afforded a full and fair opportunity to litigate the issue. We do not reach the latter arguments because we agree with plaintiff that the record fails to demonstrate that defendant obtained a final decision on the merits in a prior proceeding to which resolution of the ORCP 23 C issue was essential.

As the party asserting issue preclusion, it is defendant's burden to prove that the issue was actually litigated and essential to a prior final decision on the merits. *Huffman*, 264 Or App at 316. Plaintiff argues that defendant failed to establish that second *Nelson* requirement, because the prior dismissal was "without prejudice" and the prior court never entered a judgment on that dismissal other than a supplemental judgment relating to attorney fees and costs. Defendant's only response is that plaintiff failed to preserve that particular argument for why issue preclusion does not apply. We first address the preservation challenge.

1. *Preservation*

While we agree that plaintiff's arguments in the trial court focused on the third *Nelson* requirement—a full and fair opportunity to litigate the issue—we conclude that

his arguments were sufficient to preserve the more comprehensive challenge to issue preclusion that plaintiff presents on appeal. We have emphasized that, "[a]t the summary judgment stage, issue preclusion applies as a matter of law only if it can be conclusively determined from the record that 'all the *Nelson* requirements [are] satisfied.'" *Scott v. Jackson County*, 244 Or App 484, 494, 260 P3d 744 (2011) (quoting *Barackman*, 338 Or at 372). Plaintiff made the general argument below that defendant was not entitled on summary judgment to a determination that issue prelusion applied to the prior dismissal, and advised the court that *Nelson* requires a "final decision on the merits." In addition, plaintiff pointed out to the trial court that the dismissal without prejudice in the prior action was entered as an order, but was never memorialized in a general judgment. Under the circumstances, we conclude that plaintiff preserved for appeal the question whether the original dismissal was entitled to preclusive effect.

### 2. *The Second Nelson Requirement*

Plaintiff is correct that defendant failed to establish that the relation back issue was actually litigated and essential to a final decision on the merits in the prior action. There is no dispute that, in response to defendant's ORCP 21 A(9) motion in the prior action, plaintiff presented evidence in support of his contention that defendant "knew or should have known" that the claim for negligent construction of the speed bump was meant to be brought against defendant. And there is no dispute that the prior order expressly recites that "the relation back doctrine of ORCP 23 C does not apply." Plaintiff argues, however, that the ruling was not essential to a final decision on the merits.[3]

Plaintiff relies on *Koos v. Roth*, 43 Or App 383, 387, 602 P2d 1128 (1979), in which we said that a "dismissal without prejudice adjudicates nothing, and would not lend

---

[3] ORCP 21 A(9) permits a party to file a motion to dismiss on grounds that "the pleading shows that the action has not been commenced within the time limited by statute." Thus, resolution of factual questions would typically not be essential to a decision to grant a motion under ORCP 21 A(9). We need not decide whether plaintiff's factual response to that motion effectively made the relation-back argument essential.

itself to a later assertion of res judicata or collateral estoppel." (Citing *Huszar v. Certified Realty Co.*, 272 Or 517, 523, 538 P2d 57 (1975)). As the Supreme Court explained in *Huszar*, "because a judgment of nonsuit does not 'reach the merits,' a judgment dismissing a case without prejudice 'adjudge(s) nothing, because the final judgment by its terms is that nothing has been adjudicated.'" 272 Or at 523 (quoting *Piukkula v. Pillsbury Flouring Co.*, 150 Or 304, 327, 42 P2d 921 (1935)).

We understand the reference in *Koos* to "res judicata or collateral estoppel" to include the concept that we now refer to as "issue preclusion." *See Nelson*, 318 Or at 103 ("This court has abandoned the use of the terms 'res judicata' and 'collateral estoppel' in favor of, respectively, 'claim preclusion' and 'issue preclusion.'" (Quoting *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990).)). And we can identify no reason why the proposition that we quoted from *Huszar* would not resolve the question of issue preclusion on the record here; the dismissal without prejudice "adjudicate[d] nothing," and, thus, is not a basis for issue preclusion.

Moreover, *Koos* offers an important illustration of what it means for a decision on a particular issue to be part of a final decision on the merits. The defendant in *Koos* was sued by a neighbor for damages caused when the defendant's field burning fire spread to neighboring property. Multiple neighbors brought separate actions against the defendant. In the first action, the trial court ruled that strict liability governed the claims and granted a directed verdict for the plaintiffs. However, the parties to the first action then settled and agreed to dismiss the matter. We concluded that, on those facts, the *Koos* plaintiffs failed to establish that the defendant's liability for fire damages had been conclusively determined in the prior action, even though the prior case was dismissed with prejudice. As we explained, "[w]here the first judgment was based on a dismissal with prejudice after settlement by the parties, it may be unclear whether or not the judgment is actually determinative on the issue in question" as opposed to a compromise of an issue the defendant continued to dispute. *Koos*, 43 Or App at 387. In other words, although it was undisputed that the prior trial court ordered

a directed verdict on the issue of liability, that order, itself, was not a final decision on the merits of that question. For issue preclusion to apply, we required proof that the directed verdict ruling was essential to a later final decision on the merits.

Similarly, the order and supplemental judgment of dismissal in plaintiff's first action against defendant do not establish, of themselves, that the prior action resulted in a final decision on the merits of the relation back question. Here, there is no proof that the court ever entered a dismissal with prejudice, a partial summary judgment on the ORCP 23 C issue, or any other ruling that would allow defendant to establish that the ORCP 23 C ruling was essential to a final decision on the merits in the prior proceeding. As a result, defendant was not entitled to a determination that issue preclusion applies.

Reversed and remanded.