ORTEGA, P. J.
*325 Defendant appeals a judgment awarding money damages to plaintiff, the personal representative of the Deborah Higbee estate, in a wrongful death action. Defendant was accused of participating in Higbee's murder and, after a jury trial, he was convicted of two counts of aggravated murder, one count of attempted murder, and two counts of conspiracy to commit murder. During the wrongful death proceeding, plaintiff filed a motion for partial summary judgment asserting that liability and causation were established in defendant's criminal case and, therefore, issue preclusion barred defendant from relitigating those same issues in this civil case. Defendant argued that he intended *716 to appeal his criminal convictions and filed a motion to postpone the court's ruling on plaintiff's motion until after his criminal appeal was resolved. However, the trial court granted plaintiff's motion for partial summary judgment, resulting in a denial of defendant's motion for postponement and, on appeal, defendant assigns error to both rulings. Because we conclude that defendant did not establish a basis for avoiding summary judgment based on whether he had a full and fair opportunity to be heard on the issue sought to be precluded, and likewise did not establish that the trial court acted outside the range of allowable discretion in denying the motion to postpone, we affirm.
Summary judgment is appropriate if there is no genuine issue of material fact for trial and the moving party is entitled to prevail as a matter of law. ORCP 47 C. To determine whether a genuine issue of material fact exists in this case, we review the summary judgment record in the light most favorable to defendant-the nonmoving party-and draw all reasonable inferences in defendant's favor. Jones v. General Motors Corp. , 325 Or. 404, 408, 939 P.2d 608 (1997). We state the facts consistently with that standard.
Higbee was defendant's wife at the time of her murder. Defendant was accused of soliciting and paying others to kill Higbee, and the state charged him with several counts of aggravated murder, attempted murder, and conspiracy to commit murder. Defendant was taken into custody and was awaiting trial when plaintiff-Higbee's mother and personal *326 representative of her estate-filed a wrongful death action requesting noneconomic damages for the loss caused by defendant's actions. Because defendant's criminal trial had not yet occurred, the court placed the wrongful death case in abatement.
During that criminal trial, the state had to prove, beyond a reasonable doubt, that defendant was criminally liable for Higbee's death, which required the state to prove that defendant's actions caused Higbee's death. After a lengthy trial, the jury returned a unanimous guilty verdict on two counts of aggravated murder, one count of attempted murder, and two counts of conspiracy to commit murder; defendant was sentenced to life in prison without the possibility of parole. Defendant filed a notice of appeal, but plaintiff's wrongful death case was removed from abatement.
Plaintiff filed a motion for partial summary judgment on liability and causation. Specifically, plaintiff asserted that, because "there are no remaining issues regarding the liability of defendant for the death of plaintiff's decedent, and that defendant caused the death of plaintiff's decedent, partial summary judgment in favor of plaintiff of the issue of liability should be granted." Defendant responded that the trial court "should either deny the motion for partial summary judgment, or postpone a ruling on it until defendant's criminal appeal is over" because it "would be unfair and illegal to grant summary judgment based solely on the criminal conviction when a criminal appeal is pending." As a result, defendant contended that the judgment in his criminal case could not be given preclusive effect in the civil case while his appeal is still pending and later filed a motion to postpone the court's ruling on plaintiff's summary judgment motion.
The court ultimately granted plaintiff's motion for partial summary judgment and denied defendant's motion for a postponement, concluding that there was no "dispute that [a] criminal judgment of this nature could be the basis for issue preclusion on liability and causation" based on the circumstances of this case and that "Oregon law provides that a judgment that is on appeal is still preclusive."
On appeal, defendant assigns error to the trial court's grant of partial summary judgment in favor of plaintiff on *327 the basis of issue preclusion. He also assigns error to the denial of his motion for postponement, asserting that entering judgment in this case impacted his criminal appeal.
In arguing that the court erred in granting partial summary judgment, defendant asserts that judgment in his criminal case should not be given preclusive effect. Specifically, defendant contends that, while his appeal is still pending, he has yet to have a full and fair opportunity to defend his conviction because all of his options to challenge his *717 conviction have not been exhausted. Furthermore, defendant argues that "because of the risk of asserting * * * arguments prematurely, with the criminal appeal not yet briefed, it is unfair to impose issue preclusion on defendant, when he cannot even appeal that effectively." Therefore, he contends that the trial court's grant of partial summary judgment was improper. In response, plaintiff asserts that issue preclusion applied and that defendant cannot relitigate liability and causation given that the state proved its case beyond a reasonable doubt and the jury returned a unanimous verdict.
We review whether the trial court erred in applying issue preclusion for errors of law. City of Portland v. Huffman , 264 Or. App. 312, 315, 331 P.3d 1105 (2014). Under the doctrine of issue preclusion, "[i]f one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if five requirements are met: (1) '[t]he issue in the two proceedings is identical'; (2) '[t]he issue was actually litigated and was essential to a final decision on the merits in the prior proceeding'; (3) '[t]he party sought to be precluded has had a full and fair opportunity to be heard on that issue'; (4) '[t]he party sought to be precluded was a party or was in privity with a party to the prior proceeding'; and (5) '[t]he prior proceeding was the type of proceeding to which this court will give preclusive effect.' " Nelson v. Emerald People's Utility Dist. , 318 Or. 99, 104, 862 P.2d 1293 (1993).
The party asserting issue preclusion bears the burden of placing into evidence the prior judgment and sufficient portions of the record for the court to conclude " 'with the requisite degree of certainty' " that " 'an identical issue *328 was actually decided in [the] previous action.' " Barackman v. Anderson , 214 Or. App. 660, 667, 167 P.3d 994 (2007), rev. den. , 344 Or. 401, 182 P.3d 200 (2008) (quoting State Farm v. Century Home , 275 Or. 97, 104-05, 550 P.2d 1185 (1976) ). The burden then shifts to the opposing party to "bring to the court's attention circumstances indicating the absence of a full and fair opportunity to contest the issue in the first action or other considerations which would make the application of preclusion unfair." Id.
Here, defendant does not dispute that liability and causation were established in his criminal case-i.e. , the issue in his criminal case is "identical" to the issue in this wrongful death action. Nelson , 318 Or. at 104, 862 P.2d 1293. Instead, defendant only disputes that, while his appeal is pending, under our current case law, he has not yet had a fair and full opportunity to be heard on the issues of liability and causation. However, contrary to defendant's assertions, in Oregon "[t]he pendency of an appeal does [not] * * * prevent a judgment from operating as res judicata or collateral estoppel"-i.e. , issue preclusion. Ron Tonkin Gran Turismo v. Wakehouse Motors , 46 Or. App. 199, 207, 611 P.2d 658, rev. den. , 289 Or. 373 (1980); see Nelson , 318 Or. at 103, 862 P.2d 1293 (abandoning "the use of the terms 'res judicata ' and 'collateral estoppel ' in favor of, respectively, 'claim preclusion' and 'issue preclusion' " (emphases in original)). Defendant's broad assertions about the potential assignments of error in his criminal appeal and the tactical disadvantages he would face from having to disclose his appellate strategy prematurely fail to establish the necessary special circumstances in this case-that, under the particular circumstances at issue here, giving the determination of liability and causation in his criminal case preclusive effect while the criminal appeal is pending deprives him of a fair and full opportunity to be heard on those issues. Because the court did not err in applying the doctrine of issue preclusion and no genuine issue of material fact existed as to liability and causation, the court correctly granted summary judgment.
We next turn to defendant's other assignment of error. In arguing that the court erred in denying his motion for postponement, defendant contends that the trial court abused its discretion because failure to postpone ruling on *329 plaintiff's summary judgment motion resulted in him raising premature arguments about his criminal appeal that could affect the outcome of that appeal. However, given our conclusion that the court did not err in finding that issue preclusion *718 barred defendant from relitigating liability and causation, we conclude that the court's decision to deny defendant's motion was " 'within the range of legally correct discretionally choices and produced a permissible, legal correct outcome.' " State v. Romero , 236 Or. App. 640, 643, 237 P.3d 894 (2010) ; see id. (stating abuse of discretion standard of review). Therefore, the trial court correctly granted partial summary judgment in plaintiff's motion and denied defendant's motion to postpone ruling on that motion.
Affirmed.