**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY STRONG, | No. 19-35544 |
| Plaintiff-Appellant, | D.C. Nos. 6:16-cv-00233-MC<br>6:16-cv-00331-MC |
| v. | |
| COUNTRYWIDE HOME LOANS, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 14, 2020**

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Mary Strong appeals pro se from the district court's summary judgment in her diversity action alleging foreclosure-related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 761 (9th Cir. 2003). We affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for defendants Stratagem Capital, LLC and Bank of New York Mellon Trust Co., N.A., because Strong failed to raise a genuine dispute of material fact as to whether the foreclosure sale on the junior loan was not conducted by a duly authorized trustee. *See* Or. Rev. Stat. § 86.797(1) (providing that "[i]f, under [the provisions of the Oregon Trust Deed Act], a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given"); *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1166 (9th Cir. 2016) (describing limited circumstances under which a borrower's post-sale challenge is not barred by Or. Rev. Stat. § 86.797(1)).

The district court properly granted summary judgment for defendants Countrywide Home Loans, Inc., Bank of America, N.A., Federal Home Loan Mortgage Corporation, and Mortgage Electronic Registration Systems, Inc., on the basis of the doctrine of issue preclusion, because Strong's claims challenging the authority of these defendants to foreclose under the senior loan were actively litigated in a previous state court judicial foreclosure proceeding that resulted in a final judgment on the merits. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (federal courts apply state law regarding the preclusive effect of state

19-35544

court judgments); *Berg v. Benton*, 443 P.3d 714, 717 (Or. Ct. App. 2019) (elements of issue preclusion under Oregon law).  To the extent Strong alleges errors by the state court during the judicial foreclosure proceedings, her claims are barred under the *Rooker–Feldman* doctrine because they constitute a "de facto appeal" of the state court's judgment.  *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (the *Rooker–Feldman* doctrine bars de facto appeals of a state court decision); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (a de facto appeal is one in which "the adjudication of the federal claims would undercut the state ruling" (citations and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**