**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONNIE SMITH,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>CITY OF DALLES, In its official capacity as a political and public entity in the State of Oregon; et al.,<br><br>    Defendants-Appellees. | No. 20-35871<br><br>D.C. No. 3:19-cv-00338-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted November 8, 2021[**]

Before:   CANBY, TASHIMA, and MILLER, Circuit Judges.

Ronnie Smith appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal and state law claims arising from an arrest and prosecution for theft. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 854 (9th Cir. 2019). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Smith's federal law false arrest and imprisonment claims due to issue preclusion. In Smith's other action, *Smith v. City of Dalles*, No. 6:16-cv-01771 (D. Or.), Smith alleged the same claims. A jury issued a verdict on those claims for the time period before the eyewitness identification was procured, and the district court granted summary judgment on those claims for the subsequent time period. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) ("The doctrine of issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." (internal quotation marks omitted)); *City of Portland v. Huffman*, 331 P.3d 1105, 1107 (Or. Ct. App. 2014) (elements of issue preclusion under Oregon law).

The district court properly granted summary judgment on Smith's federal claim of malicious prosecution because Smith failed to raise a genuine dispute of material fact as to whether there was no probable cause. *See Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc) ("To claim malicious prosecution, a petitioner must allege that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her

equal protection or another specific constitutional right." (quotation marks omitted)). Summary judgment was properly granted on Smith's federal conspiracy claim because it stemmed from Smith's malicious prosecution claim.

Summary judgment was properly granted on Smith's state law claims for false arrest and imprisonment and malicious prosecution because they were untimely under the Oregon Tort Claims Act, which requires a plaintiff to provide notice to government defendants within 180 days of the alleged injury. *See* Or. Rev. Stat. § 30.275(2)(b). Contrary to Smith's contention, Smith did not allege a continuing tort that could toll the statute of limitations. *See Curzi v. Oregon State Lottery*, 398 P.3d 977, 986 (Or. Ct. App. 2017) (no continuing tort where each separate act of alleged conduct was actionable). Summary judgment was also properly granted on Smith's state law claims of civil conspiracy, intentional infliction of emotional distress, and negligence because they all stemmed from the alleged malicious prosecution claim.

We reject as meritless Smith's contentions related to the claims against and service of process on defendant Linda Gouge.

We reject as unsupported by the record Smith's contentions that the district court improperly denied Smith's motions for sanctions and to compel discovery.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

20-35871

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Smith's motion for appointment of counsel, set forth in his reply brief, and Smith's motion for judicial notice (Docket Entry No. 20) are denied.

**AFFIRMED.**