Argued and submitted August 16, reversed and remanded September 13, 2023

Richard WALL,
*Plaintiff-Appellant,*

*v.*

Ed ASH,
dba Ash Racing Components,
*Defendant-Respondent.*

Douglas County Circuit Court
20CV05582; A175911

536 P3d 1101

Plaintiff appeals a judgment dismissing the present action against defendant, in which plaintiff sought damages for defendant's alleged breach of the parties' settlement agreement from a prior action. The trial court dismissed the present action after granting summary judgment for defendant on the basis that the present action was barred by plaintiff's voluntary dismissal with prejudice of the prior action. *Held*: The Court of Appeals concluded that the trial court erred as a matter of law in granting summary judgment for defendant on the basis that dismissal of prior action precluded the present action.

Reversed and remanded.

Frances Elaine Burge, Judge.

Christopher W. Peterman argued the cause for appellant. Also on the brief was Keith D. Ropp.

Ronald Sperry, III, argued the cause for respondent. On the brief were Dan G. McKinney and DC Law.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Plaintiff appeals a judgment dismissing the present action against defendant (the 2020 action), in which plaintiff sought damages for defendant's alleged breach of the parties' settlement agreement from a prior action (the 2019 action). The trial court dismissed the 2020 action after granting summary judgment for defendant on the basis that the 2020 action was barred by plaintiff's voluntary dismissal with prejudice of the 2019 action. In a single assignment of error, plaintiff challenges the trial court's grant of summary judgment. For the reasons that follow, we reverse and remand.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (internal quotation marks omitted). In so doing, we view the facts "in the light most favorable" to the nonmoving party—in this case, plaintiff—and "we examine 'the pleadings, depositions, affidavits, declarations, and admissions on file.'" *Id.* (quoting ORCP 47 C).

On appeal, plaintiff argues that the trial court erred in granting summary judgment, because dismissal of the 2019 action does not bar the 2020 action by operation of issue preclusion, claim preclusion, or waiver; defendant responds that dismissal of the 2019 action does bar the 2020 action—either by operation of claim preclusion, issue preclusion, or waiver. We also understand defendant to contend that the 2020 action is barred because, under the terms of the settlement agreement, defendant's full performance of his obligations under the settlement agreement functioned as a "condition precedent" to plaintiff's voluntary dismissal of the 2019 action.

The basis for the trial court's determination that the 2020 action was barred by the voluntary dismissal with prejudice of the 2019 action is not entirely clear from either the transcript of the summary judgment hearing or the order granting summary judgment; however, as do the parties on

appeal, we understand it to have been based on either issue preclusion, claim preclusion, waiver, or on the basis of defendant's "condition precedent" theory. Thus understood, the issue on appeal is whether the trial court erred, as a matter of law, when it determined that the judgment of dismissal with prejudice in the 2019 action precludes plaintiff's 2020 action. We conclude that the trial court erred.

Generally, "for a judgment to effect a preclusion of further litigation *** it must be a final judgment 'on the merits.'" *Rennie v. Freeway Transport*, 294 Or 319, 330, 656 P2d 919 (1982). "The term 'with prejudice,' expressed in a judgment of dismissal, has a well-recognized legal import, and operates as an adjudication on the merits." *Cornus Corp. v. Geac Enterprise Solutions, Inc.*, 252 Or App 595, 605, 289 P3d 267 (2012), *rev den*, 353 Or 428 (2013) (citing *Sandgathe v. Jagger*, 165 Or App 375, 381, 996 P2d 1001 (2000)). Thus, "a dismissal with prejudice normally precludes a later action." *Id.* at 604.

However, the preclusive effect of a former adjudication depends on "rules and principles governing the binding effect on a subsequent proceeding of a final judgment previously entered"—namely, the doctrines of "claim preclusion, also known as *res judicata*, and issue preclusion, also known as collateral estoppel." *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990). We consider application of those two doctrines below, as well as the doctrine of waiver. But first, we turn to, and dispatch with, defendant's "condition precedent" theory.

*Condition Precedent.* As noted, we understand defendant to contend that the 2020 action is barred because, under the terms of the settlement agreement, defendant's full performance of his obligations under the settlement agreement functioned as a condition precedent to plaintiff's voluntary dismissal of the 2019 action. That is, that plaintiff's voluntary dismissal of the suit establishes that defendant had fully performed under the settlement agreement. At oral argument, to support that contention, counsel for defendant referenced certain email exchanges between the parties that appear in the record; plaintiff disagreed with that understanding of the settlement agreement and

referenced certain portions of the parties' discussion that appear in the transcript of the 2019 settlement proceedings.

We reject defendant's "condition precedent" theory; the record does not reflect that the trial court made a determination as to the meaning of the terms in the settlement agreement, which, in our view, are ambiguous as to the point raised by defendant, and "a party is entitled to summary judgment in a contract action only if the terms of the agreement are unambiguous." *Grants Pass Imaging & Diagnostic Center v. Marchini*, 270 Or App 127, 132, 346 P3d 644 (2015). Further, both parties referred to extrinsic evidence in the record to support their respective understandings of the terms of 2019 settlement agreement, and "the existence of competing extrinsic evidence—and the triable factual issue that the evidence creates[—]makes the resolution of the meaning of an ambiguous contract on summary judgment inappropriate." *Dial Temporary Help Service v. DLF Int'l Seeds*, 255 Or App 609, 612, 298 P3d 1234 (2013).

*Claim Preclusion*. Defendant contends that claim preclusion bars plaintiff's 2020 action. We disagree.

"[T]he doctrine of claim preclusion prohibits any party from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first action and the first action resulted in a judgment on the merits." *Cornus Corp.*, 252 Or App at 604 (quoting *Rennie v. Freeway Transp.*, 294 Or 319, 323, 656 P2d 919 (1982)). However, where a judgment in the first action "is based on an underlying settlement"—as it is in this case— "the question whether claim preclusion applies [in a second action] turns on the intent of the parties in settling the first action." *In re Bertoni*, 363 Or 614, 629, 426 P3d 64 (2018). Further, "claim preclusion is an affirmative defense," and the party asserting that defense "ha[s] the burden of proving by a preponderance of the evidence" that a settlement agreement in the first action has a claim-preclusive effect on a second action. *Id.* at 630; *see also State v. M. J. F.*, 306 Or App 544, 548, 473 P3d 1141 (2020) ("The preponderance standard requires that the factfinder believe that the facts

asserted are more probably true than false." (Internal quotation marks omitted.)).

Here, viewing the record in the light most favorable to plaintiff, we conclude that defendant has not met that burden. In particular, the settlement agreement at issue—which appears only in a transcript of oral proceedings from the 2019 action—does not demonstrate that the parties intended to preclude plaintiff from bringing a subsequent action based on defendant's alleged breach of the 2019 settlement agreement. Further, the judgment of dismissal from the 2019 action is not in the summary judgment record, so we are unable to determine what, if any, evidence it contains of the parties' intent to bar the claims at issue in plaintiff's 2020 action. Thus, given this record, we conclude that defendant has not proved, by a preponderance of the evidence, that the affirmative defense of claim preclusion applies here.

*Issue Preclusion.* Defendant also argues that the doctrine of issue preclusion bars plaintiff's 2020 action.[1] Again, we disagree.

"For a prior decision to be afforded issue-preclusive effect, among other things, the pertinent issue must have been 'actually litigated' and 'essential to a final decision on the merits in the prior proceeding.'" *Leach v. Scottsdale Indemnity Co.*, 261 Or App 234, 239, 323 P3d 337, *rev den*, 356 Or 400 (2014) (quoting *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993)). "To satisfy the 'actually litigated' and 'essential to a final decision' requirement, a prior court's resolution of an issue must either be apparent from the face of a judgment or order or, if not apparent from the face of a judgment or order, must have been necessary to the resolution of the prior adjudication." *Merrill v. A. R. G.*, 286 Or App 487, 500, 398 P3d 954 (2017). Further, where—as here—"the judgment [in the first action] was based on a dismissal with prejudice after settlement by

---

[1] Although "issue preclusion can be based on the constitution, common law, or a statute," *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993), neither party suggests that a statutory or constitutional basis is at issue here; we therefore address defendant's arguments within the framework of the common-law doctrine of issue preclusion. *See City of Portland v. Huffman*, 264 Or App 312, 315, 331 P3d 1105 (2014) (taking same approach).

the parties, it may be unclear whether or not the judgment is actually determinative on the issue in question [in the second action]," *Koos v. Roth*, 43 Or App 383, 387, 602 P2d 1128 (1979), and "[a]ssessment of such considerations *** can only be made in each case on the basis of an adequate record of the prior proceeding and of the facts surrounding its settlement," *id.* at 388.

Here, the record is not adequate to support a determination that the issues raised in the 2020 action were "actually litigated" and "essential to a final decision" in the 2019 action. As noted above, the judgment of dismissal from the 2019 action is not in the summary judgment record; therefore, we cannot determine whether the resolution of any issue raised in the 2020 action is "apparent from the face of [that] judgment." *Merrill*, 286 Or App at 500. Likewise, defendant has not directed us to anything in the summary judgment record clearly indicating that resolution of issues raised in the 2020 action "must have been necessary to the resolution of the prior adjudication" in the 2019 action. *Id.*; *see also Hancock v. Pioneer Asphalt, Inc.*, 276 Or App 875, 881, 369 P3d 1188 (2016) ("[T]he party asserting issue preclusion [has the] burden to prove that the issue was actually litigated and essential to a prior final decision on the merits."); *Rowden v. Hogan Woods*, 306 Or App 658, 672, 476 P3d 485 (2020) ("[I]n the absence of a clear indication that [the issue] was actually determined ***, the doctrine of issue preclusion is inapplicable."). We therefore conclude that the doctrine of issue preclusion did not bar plaintiff's 2020 action.

*Waiver.* Regarding waiver, defendant argues that plaintiff's voluntary dismissal of the 2019 action "is an unequivocal acceptance of defendant's performance" and "acts as a waiver" to bar plaintiff's 2020 action, which, as noted above sought damages for defendant's alleged breach of the settlement agreement. We disagree.

"[A]cceptance of defective performance does not prevent a party from seeking damages for that breach of the contract." *C & K Market, Inc. v. Roccasalva*, 246 Or App 277, 282 n 2, 265 P3d 81 (2011) (citing Richard A. Lord, 14 *Williston on Contracts* § 43:15, at 629 (4th ed 2000) ("While

the acceptance of the defective performance operates to waive the right to declare that the material breach discharged the obligor from further performance, it does not waive the right to obtain damages for the breach.")). Further, viewed in the light most favorable to plaintiff, the summary judgment record does not support defendant's contention as to plaintiff's waiver of claims arising from the settlement agreement—in particular, a declaration from plaintiff's attorney states that "[t]he dismissal judgment that was submitted says nothing about any waiver of claims for breach of the parties' agreement, and the agreement that was put on the record did not contain any such provisions," and that "the dismissal was not intended as any sort of admission that defendant had fully performed his obligations under the settlement agreement." We therefore conclude that, on this record, defendant has not established that plaintiff's voluntary dismissal of the 2019 action constitutes a waiver barring the 2020 action. *See Steiner, Inc. v. Hill et al.*, 191 Or 391, 397, 226 P2d 307 (1951) ("Defendants having alleged a waiver on the part of the plaintiff, the burden of proof is upon them to prove such waiver.").

In light of the above, we conclude that the trial court erred as a matter of law in granting summary judgment for defendant on the basis that dismissal of the 2019 action precluded plaintiff's 2020 action; accordingly, we reverse and remand.

Reversed and remanded.