152 October 8, 2025 No. 886

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Robert HERCENBERGER,
*Plaintiff-Appellant,*

*v.*

Alexandria COLLINS
and Erica Lopez,
*Defendants-Respondents.*

Washington County Circuit Court
23CV34308; A185202

Andrew Erwin, Judge.

Argued and submitted on September 11, 2025.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondents. On the brief were Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General.

Robert Hercenberger filed the briefs for appellant *pro se*.

Before Joyce, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

Plaintiff appeals from a judgment that dismissed his amended complaint against defendants, two employees of the Division of Child Support of the Department of Justice (DCS). The state moved to dismiss the amended complaint, and the trial court granted that motion. Plaintiff appeals. Because we conclude that the trial court correctly dismissed his amended complaint, we affirm.

In his amended complaint, plaintiff alleged that defendants knew or should have known that the child support judgment against plaintiff was void, but that they nevertheless filed a referral to an administrative law judge to enforce that judgment. This enforcement action resulted in the suspension of petitioner's driver's license and, according to plaintiff, caused him economic and noneconomic harm. Each of the allegations in plaintiff's amended complaint relies on the premise that the child support judgment that the enforcement order was based upon was void.

Plaintiff, however, is precluded from litigating that issue in his amended complaint. *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993) ("Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding."). Petitioner has unsuccessfully challenged the child support judgment no fewer than four times.[1] As defendants observe, a judgment directing plaintiff to pay child support was entered in December 2015. Plaintiff moved for relief from that judgment, and his motion was denied. He then moved for an order to show cause, arguing that the child support judgment was void. That motion was also denied. Plaintiff then filed another motion to show cause, which was similarly denied. Most recently, he challenged a garnishment in part on the basis that the judgment ordering him to pay child support was void, but to no avail. Having previously and unsuccessfully challenged the child support judgment as being void, issue

---

[1] Defendants ask us to take judicial notice of the underlying court registers in the domestic relations case that resulted in the child support judgment and that reflect plaintiff's attempts to have that judgment declared void. We exercise our discretion to do so. OEC 201(d); OEC 202.

preclusion bars him from relitigating that point here. *City of Portland v. Huffman*, 264 Or App 312, 315, 331 P3d 1105 (2014) (elements of issue preclusion include (1) the identicality of the issue in two proceedings; (2) the actual litigation of an issue that was essential to a final decision; (3) the party sought to be precluded had a full and fair opportunity to be heard; (4) the party sought to be precluded was the same party, or in privity with a party, as in the previous litigation; and the prior proceeding was of the type that we will give preclusive effect).

Affirmed.